786 So.2d 122 (2001)
STATE of Louisiana
v.
Antonio RODRIGUEZ
No. 2000-KA-1521.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 2001.
*123 Harry F. Connick, District Attorney, Leslie P. Tullier, Assistant District Attorney, New Orleans, LA, for appellee.
*124 Pamela S. Moran, Louisiana Appellate Project, New Orleans, LA, for appellant.
Before: BYRNES, III, Chief J, and WALTZER and KIRBY, JJ.
MIRIAM G. WALTZER, Judge.
Defendant, Antonio Rodriguez, appeals his conviction and sentence under LSA-R.S. 14:95.1, possession of a weapon by a convicted felon.

STATEMENT OF THE CASE
On 16 March 1998 Rodriguez was charged by bill of information of being a convicted felon in possession of a weapon in violation of LSA-R.S. 14:95.1 and possession of more than twenty-eight grams but less than two hundred grams of cocaine in violation of LSA-R.S. 40:967.[1] Rodriguez pled not guilty to both counts at his arraignment on 31 March 1998. On 21 May 1998, the trial court conducted both preliminary and suppression hearings. The trial court found probable cause and denied Rodriguez' motion to suppress evidence. Rodriguez went to trial on the cocaine charge on 15 October 1998. He was found guilty of attempted possession of between twenty-eight and two hundred grams of cocaine.
On 21 October 1999, Rodriguez filed a motion for a sanity hearing. Drs. Deland and Richoux were appointed by the trial court to examine Rodriguez. After a competency hearing, Rodriguez was found competent to proceed.
Rodriguez went to trial on the weapon charge on 25 January 2000. He was found guilty as charged. On 25 May 2000, the trial court sentenced Rodriguez to serve ten years at hard labor without benefit of probation, parole or suspension of sentence. The trial court also imposed a fine of one thousand dollars but suspended the fine.

STATEMENT OF FACTS
While patrolling the area of North Broad Street on 21 January 1998, New Orleans Police Officer Jose Torres observed a gold Volkswagen Jetta traveling west on North Broad Street. The vehicle had an expired temporary license plate. The officer turned on his vehicle's blue lights and siren and attempted to pull the vehicle over. The vehicle did not stop but continued on North Broad Street. The driver of the vehicle then turned right onto Laharpe Street. The vehicle continued down Laharpe Street and turned right onto Paul Morphy Street. Believing he was about to engage in a chase with the vehicle, Officer Torres advised the dispatcher that the vehicle was not stopping. The vehicle turned on to Lapeyrouse Street and then made another turn onto Broad Street. At that time, the vehicle stopped and Rodriguez, the passenger, exited the vehicle. Officer Torres pursued Rodriguez on foot. The officer followed the defendant, running down Broad Street. Officer Torres saw Rodriguez take something from his waistband and throw it in front of 1560 North Broad Street. The officer apprehended Rodriguez and returned to the area where Rodriguez had discarded the object. Officer Torres found a plastic bag and a chrome plated, fully loaded semiautomatic pistol on the ground. The bag contained narcotics. Officer Torres arrested Rodriguez.
Officer Terry Bunch of the Criminal Records and Latent Fingerprint Unit testified at trial that he fingerprinted Rodriguez the morning of trial. Rodriguez' fingerprints matched the fingerprints on the arrest register and other documents *125 evidencing his prior conviction for possession of cocaine in 1991.
Rodriguez testified at trial that he was not in possession of a weapon or narcotics on the day of the incident. He also claimed that he was not the passenger in a gold Volkswagen Jetta. He stated he was traveling in a brown Celica. His friends, who were in a blue vehicle, were in front of him. Rodriguez testified that as he was crossing Broad Street, the police officer put on his lights. Rodriguez stated that he stopped his vehicle. The officer threw him to the ground when he got out of the vehicle and then went into four houses in the neighborhood before he came out with the gun and drugs. Rodriguez acknowledged prior convictions for illegal possession of a weapon, burglary and possession of cocaine.

ERRORS PATENT
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR NUMBER 1
In Rodriguez' first assignment of error, he argues that the trial court erred when it allowed the State to introduce other crimes evidence. The evidence about which Rodriguez complains is the testimony of Officer Torres that he saw Rodriguez throw down a plastic bag, which the officer later discovered, contained contraband. Rodriguez suggests that the testimony was irrelevant and improperly admitted.
Officer Torres' testimony concerned the res gestae of the present offense. The officer testified at trial that Rodriguez took the weapon and bag from his waistband and dropped them at the same time. When the officer went to pick up the weapon and bag, he observed the contraband in the bag and that the gun was fully loaded. LSA-C.E. article 404(B) provides, in pertinent part, that "evidence of other crimes... may be admissible ... when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." Officer Torres' testimony was properly admitted under LSA-C.E. article 404(B).
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 2
Rodriguez contends that the State failed to produce sufficient evidence to support his conviction for being a convicted felon in possession of a weapon.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817, 820 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372, 378 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. LSA-R.S. 15:438. LSA-R.S. 15:438 is not a separate test from Jackson v. Virginia, supra at 319, 99 S.Ct. at 2789, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198, 1201 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra at 820.
*126 Rodriguez was found guilty of being a convicted felon in possession of a weapon. To support this conviction, the State had to prove beyond a reasonable doubt that defendant possessed a firearm and that he had been convicted of a prior enumerated felony within the past ten years. LSA-R.S. 14:95.1; State v. Husband, 437 So.2d 269, 271 (La.1983); State v. Jones, 544 So.2d 1294, 1295 (La.App. 4 Cir.1989).
In the present case, Officer Torres stated that, during his foot pursuit of Rodriguez, he saw Rodriguez take the weapon from his waistband and discard it in front of 1560 North Broad Street. After apprehending Rodriguez, Officer Torres retrieved the weapon. Officer Bunch, of the Criminal Records and Latent Fingerprint Unit, testified, after examining Rodriguez' fingerprints and documents from a prior conviction, that Rodriguez was the same person convicted of possession of cocaine in 1991. Furthermore, during cross-examination, Rodriguez admitted a prior conviction for possession of cocaine. Such testimony was sufficient for the jury to conclude that Rodriguez was guilty, beyond a reasonable doubt, of being a convicted felon in possession of a weapon.
This assignment is without merit.

ASSIGNMENTS OF ERROR NUMBERS 3 AND 4
Rodriguez contends that the sentence imposed by the trial court was unconstitutionally excessive. A review of the record reveals that Rodriguez' trial counsel neither filed a motion to reconsider the sentence nor objected to the sentence. Therefore, this issue has not been preserved for review on appeal. LSA-C.Cr.P. article 881.1.
Rodriguez argues that his trial counsel was ineffective in failing to file a motion to reconsider sentence or object to the sentencing. Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court, where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729, 736 (La.1984); State v. Johnson, 557 So.2d 1030, 1033 (La.App. 4 Cir.1990); State v. Reed, 483 So.2d 1278, 1280 (La. App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444, 448 (La.1983); State v. Ratcliff, 416 So.2d 528, 530 (La.1982); State v. Garland, 482 So.2d 133, 134 (La.App. 4 Cir. 1986); State v. Landry, 499 So.2d 1320, 1323 (La.App. 4 Cir.1986).
Rodriguez' claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119, 125 (La.1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was *127 so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La. App. 4 Cir.1992).
The court has recognized that if an alleged error falls "within the ambit of trial strategy," it does not "establish ineffective assistance of counsel." State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4 Cir.1986). Moreover, as "opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." State v. Brooks, 505 So.2d 714, 724 (La. 1987), cert. denied, Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987).
In order to determine whether counsel was ineffective for failing to file a motion to reconsider sentence, we must determine whether Rodriguez' sentence was unconstitutionally excessive. Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment." A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Caston, 477 So.2d 868, 870 (La.App. 4 Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719, 720 (La.1983); State v. Quebedeaux, 424 So.2d 1009, 1014 (La. 1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra at 1014; State v. Guajardo, 428 So.2d 468, 472 (La.1983).
In Rodriguez' case, the trial court sentenced him to serve ten years at hard labor without benefit of probation, parole or suspension of sentence, the minimum sentence allowed under LSA-R.S. 14:95.1. Rodriguez was fined one thousand dollars, but the trial court suspended the payment of the fine. While the trial court did not discuss Rodriguez' criminal record at sentencing, it was aware of his criminal history as he testified to his prior convictions at trial. In addition to the conviction for possession of cocaine in 1991, the defendant has prior convictions for burglary and illegal possession of a weapon. Rodriguez was convicted of attempted possession of between twenty-eight and two hundred grams of cocaine, in connection with the circumstances of this crime. In light of Rodriguez' criminal history, the minimum sentence of ten years at hard labor without benefit of probation, parole or suspension of sentence is not unconstitutionally excessive.
Therefore, Rodriguez was not prejudiced by his counsel's failure to file a motion to reconsider sentence or object to the sentence at trial. These assignments are without merit.

CONCLUSION
Accordingly, Rodriguez' conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED
NOTES
[1] The present appeal concerns only defendant's conviction under LSA-R.S. 14:95.1.