786 So.2d 917 (2001)
STATE of Louisiana, Appellee,
v.
Ledan D. ANDERSON, Appellant.
No. 34,670-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*920 Ledan Anderson, in proper person.
Allan R. Harris, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, J. Thomas Butler, William Edwards, Assistant District Attorneys, Counsel for Appellee.
Before WILLIAMS, KOSTELKA and DREW, JJ.
KOSTELKA, J.
Ledan Anderson ("Anderson") appeals his conviction for possession of a firearm by a convicted felon, La. R.S. 14:95.1, and the thirteen and one-half-year hard labor sentence imposed without benefit of suspension, probation or parole.[1] We affirm.

*921 FACTS
In the early morning hours of May 24, 1998, Shreveport police officer Joseph Lewis ("Lewis") was patrolling in his police vehicle when he noticed three males standing next to a blue and brown van in the parking lot of a closed liquor store. He also observed a maroon vehicle in the parking lot. As he pulled in to investigate, Lewis saw Anderson hand something to one of the other individuals, known to Lewis as "Blackbird." Then, Lewis saw Anderson reach into his pants pocket, pull out a handgun, and then run away when Lewis sought to arrest him. The other two individuals remained at the van.
Lewis gave chase to Anderson for about one-half mile. Just as Lewis was about to tackle Anderson, the van pulled alongside and the officer saw Anderson throw the pistol toward the vehicle in an apparent attempt to throw it to the people in the van. Lewis retrieved the pistol from the middle of the road, about ten feet from where he had tackled and arrested Anderson. As Anderson was being booked for carrying a concealed weapon, possessing a firearm on the premises of an alcoholic beverage outlet and resisting arrest, he gave the name Daniel Henderson. A subsequent fingerprint check revealed his real name and that he had been convicted of simple burglary in 1995. Accordingly, the charges were upgraded to possession of a firearm by a convicted felon and misrepresentation during booking.

DISCUSSION

Sufficiency of the Evidence
First, it is appropriate that we address Anderson's sufficiency-of-the-evidence complaint. State v. Hearold, 603 So.2d 731 (La.1992). The question of sufficiency of the evidence is properly raised by a motion for post-verdict judgment of acquittal. La.C.Cr.P. art. 821; State v. Gay, 29,434 (La.App.2d Cir.06/18/97), 697 So.2d 642. The record shows that Anderson raised the issue of sufficiency of the evidence in the trial court in a motion for new trial and in arrest of judgment, alleging that the verdict was contrary to the law and the evidence. The denial of a motion for new trial based upon La. C.Cr.P. art. 851(1) is not subject to review on appeal. Id. Nevertheless, this court has addressed sufficiency of the evidence claims even when raised by a motion for new trial. Gay, supra; State v. Barnes, 28,835 (La.App.2d Cir.12/11/96), 685 So.2d 1148.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient *922 for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson, and does not extend to credibility determinations made by the trier of fact. State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. Bosley, supra. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La. 1992).
La. R.S. 14:95.1 provides in pertinent part that it is unlawful for any person who has been convicted of simple burglary to possess a firearm within ten years of the completion of the sentence imposed. To convict a defendant of the charged offense, the state must prove beyond a reasonable doubt: (1) that the defendant possessed a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year period of limitation; and, (4) general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983); State v. Woodruff, 34,454 (La.App.2d Cir.02/28/01), 780 So.2d 598.
In this case, Anderson admitted to both his conviction of simple burglary in 1995 and his understanding that he was not supposed to possess a firearm. Therefore, the only contested fact was whether Anderson possessed the gun.
In proof of that issue the state presented the eyewitness testimony of Lewis who stated that he saw Anderson in possession of a handgun which Anderson later attempted to toss into the van before the officer apprehended him. Lewis testified that after securing Anderson, he retrieved the gun which he identified at trial. Anderson testified that he never possessed the pistol nor attempted to throw it into a van.
When viewed in the light most favorable to the state, we find this evidence sufficient to support Anderson's conviction. Lewis's eyewitness account of Anderson's possession of a gun is alone sufficient to convict Anderson of the charged offense. Anderson's explanation was obviously rejected by the jury. Considering the inconsistencies in his account of the event, we find no error in this conclusion. Therefore, this assigned error lacks merit.

Batson Challenge
In his pro se brief, Anderson has also raised a claim relating to the systematic exclusion of African American jurors in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
The Batson holding is codified in our law as La.C.Cr.P. art. 795(C), which provides:
C. No peremptory challenge made by the state or the defendant shall be based solely upon the race of the juror. If an objection is made that the state or the defense has excluded a juror solely on the basis of race, and a prima facie case supporting that objection is made by the objecting party, the court may demand a satisfactory racially neutral reason for the exercise of the challenge, unless the court is satisfied that such reason is apparent from voir dire examination of the juror. Such demand and disclosure, if required by the court, shall be made *923 outside of the hearing of any juror or prospective juror.
To make a Batson claim against the state, Anderson must first establish a prima facie case that the state exercised its peremptory challenges to exclude members of the jury venire solely on the basis of their cognizable race. Batson, supra; State v. Green, 94-0887 (La.05/22/95), 655 So.2d 272. The state need not give an explanation for its use of a peremptory challenge if the trial court does not find that the defense has made a prima facie case, but many trial courts do so in order to create a complete record. State v. Rose, 606 So.2d 845 (La.App. 2d Cir.1992).
Once Anderson establishes a prima facie case, the burden then shifts to the state to come forward with a race-neutral explanation. This second step of the process does not demand an explanation from the state that is persuasive, or even plausible. The reason offered by the state will be deemed race-neutral unless a discriminatory intent is inherent within that explanation. The persuasiveness of the state's explanation only becomes relevant at the third and final step which is when the trial court must decide whether Anderson has proven purposeful discrimination. Thus, the ultimate burden of persuasion as to racial motivation rests with, and never shifts from, the opponent of the peremptory challenge. Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); Hernandez v. New York, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).
In this case, after the strikes of the second jury panel, Anderson disputed the peremptory challenges of the African American jurors by the state as being racially discriminatory. The defense argued that out of the twenty-four prospective jurors, eight had been African American. Of the seven peremptory challenges exercised by the state, five had been directed toward African Americans. Anderson is of African American descent. Based upon these facts, the trial court determined that Anderson had met his burden of establishing a prima facie case of discrimination and required the state to come forward with race-neutral explanations.
The subject peremptory challenges and race-neutral explanations include: (1) Michael Hill, an African American who the state excused for failure to offer understandable responses to questions and his apparent inability to understand the questions asked of him. In accepting this reason as racially neutral and rational, the court noted for the record that the court reporter "could not understand what he said"; (2) Shonta Poole, an African American student who the state excused due to her lack of close ties to the community; (3) Kevin Jones, an African American who the state excluded due to his occupation as a disc jockey which the prosecutor described as "a rebellious type of job." Secondly, the state excused this juror due to his statement that he would not consider a policeman's training in evaluating the credibility of an officer's testimony; (4) Beverly Alexander, an African American who the state excused because her sister was shot by a Shreveport police officer and all of the state's witnesses were Shreveport police officers; and (5) Carolyn Spikes, an African American, who the state excused for giving the prosecutor "harsh looks" during voir dire.
The court accepted each of the reasons offered by the state as independent and race-neutral. Anderson offered no further argument or objection. On appeal, he specifically urges that Kevin Jones was "artificially eliminated" because of his occupation as a disc jockey and that the prosecution *924 "made the Black jurors seem as if they were unintelligent, [i]nattentive and bias[ed]...."
We can find no merit to Anderson's claims including his contention regarding the discriminatory treatment of African-American jurors. On the contrary, the record shows that the prosecution treated all of the jurors with the utmost esteem and respect. Moreover, we find no error in the court's determination that the state provided racially neutral reasons for the exercise of its five peremptory challenges of potential African-American jurors.
The court shall allow each peremptory challenge exercised for a racially neutral reason apparent from the examination or disclosed by counsel when required by the court. La.C.Cr.P. art. 795(D). Of course, the judge cannot merely accept the reasons proffered at face value but must evaluate those reasons as he or she would weigh any disputed fact. In order to permit the questioned challenge, the trial judge must conclude that the proffered reasons are neutral and reasonable and not a pretext. State v. Collier, 553 So.2d 815 (La.1989). A reviewing court should generally accord the trial court great discretion in its determination of whether there was purposeful discrimination in the prosecutor's exercise of peremptory challenges. This is so because the decision usually turns on credibility determinations. State v. Mamon, 26,337 (La.App.2d Cir.12/16/94), 648 So.2d 1347, writ denied, 95-0220 (La.06/02/95), 654 So.2d 1104.
The race-neutral reasons offered by the state for each of the excused individuals in the present matter have been previously considered by the courts of this state. Such reasons include: the inability of a juror to understand and comprehend the proceedings as in the case of juror Michael Hill; State v. Griffin, 618 So.2d 680 (La. App. 2d Cir.), writ denied, 625 So.2d 1063 (La.1993); Shonta Pool's youthfulness and her short length of time in the community; Mamon, supra; and, Carolyn Spikes' perceived hostility; State v. Williams, 545 So.2d 651 (La.App. 5th Cir.1989), writ denied, 556 So.2d 53 (La.1990). The record also shows that Carolyn Spikes' son was charged with a crime and was at the time of her voir dire involved in criminal proceedings before another judge of the First Judicial District Court. Jurors who have family members with criminal records and/or potential ill will toward police officers, such as Beverly Alexander and Carolyn Spikes, may be peremptorily challenged. Mamon, supra. Finally, it is clear that a juror like Kevin Jones, who possesses a potential partiality which questions his ability to function as an independent trier of fact and decision-maker, i.e., his refusal to consider a police officer's training in determining credibility, is a clear, neutral and reasonably specific reason for the exercise of a peremptory challenge. Rose, supra. Furthermore, Anderson failed to rebut any of the prosecutor's explanations which were clear and unrelated to the race of the jurors and supported by the record. Accordingly, we find that the trial court committed no error in rejecting Anderson's contentions that purposeful discrimination had been established during jury selection.

Challenges for Cause
In his last assignment of error, Anderson urges that the trial court erred in denying his challenges for cause as to jurors Charles Cashio, Gloria Conrad and Karen Barnes.
In order for a defendant to prove reversible error, warranting reversal of both his conviction and sentence, he need only show the erroneous denial of a challenge for cause and use of all his peremptory *925 challenges. State v. Hart, 96-0697 (La.03/07/97), 691 So.2d 651. In this case, the record reflects that both the state and defense exercised all of the twelve peremptory challenges allotted to each under La. C.Cr.P. art. 799. Accordingly, the remaining point of resolution is whether the trial court erroneously denied the subject challenges for cause.
La.C.Cr.P. art. 797 provides in pertinent part:
The state or the defendant may challenge a juror for cause on the ground that:
. . . .
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
(4) The juror will not accept the law as given to him by the court; or
. . . .
A trial court is vested with broad discretion in ruling on challenges for cause, and its ruling will be reversed only when a review of the entire voir dire reveals that the court abused its discretion. State v. Ellis, 28,282 (La.App.2d Cir.06/26/96), 677 So.2d 617, writ denied, 96-1991 (La.02/21/97), 688 So.2d 521.
A refusal by a trial judge to excuse a prospective juror on the ground that he is not impartial is not an abuse of discretion where, after further inquiry or instruction (frequently called "rehabilitation"), the potential juror has demonstrated a willingness and ability to decide the case impartially according to the law and the evidence. Nevertheless, the trial judge must grant a challenge for cause even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied. State v. Robertson, 92-2660 (La.01/14/94), 630 So.2d 1278.

Charles Cashio
Anderson argues that Charles Cashio ("Cashio") should have been removed for cause based upon the prospective juror's general inclination toward giving a police officer's testimony more weight than a civilian witness. In context, the discussion of the weight to be given a police officer's testimony arose when the trial court sought to clarify statements of law by the attorneys regarding that issue. After the court instructed the potential jurors regarding police testimony, defense counsel, Allan Harris ("Harris") questioned Cashio about the issue. Regarding his opinion of police officer testimony, Cashio felt that "they're ... just like any other witness; but I think the training and experience does make a difference." When asked whether the fact that an officer had gone through academy training should give the officer's testimony more weight than a non-officer, Cashio stated that "[I]t would depend on the program, and it would depend on, you know, what the effect was...." Upon the defense's presentation of a hypothetical situation where an officer had "gone through a very fine, good program," Cashio admitted to a "certain inclination" toward giving the officer's *926 testimony greater weight "given anything to the contrary."
Harris sought to strike Cashio for cause arguing that the potential juror would tend to treat police officers' testimony as more credible than lay witness testimony. The trial court disagreed finding that after it had explained the law to Cashio, the juror stated he could listen to both sides but would appropriately consider the training of the police officer.
Considering the broad discretion given to the trial court in denying a challenge for cause, we can discern no reversible error in the court's action regarding Cashio. After the court's instruction, Cashio clearly articulated an understanding that police officers were to be considered just as any other witness in the case but that as in the case of any other witness, the jurors were to consider experience and background. His statement regarding his inclination toward giving more weight to the testimony of a police officer was elicited as the result of a hypothetical example offered by the defense which sought to determine how Cashio would regard a highly trained officer. Even in that situation, Cashio explained that he would consider the quality and type of training before weighing the testimony. Accordingly, a reading of the transcript shows that although Cashio would tend to give more weight to a highly trained officer who testifies in the areas of his expertise, he would not automatically or prejudicially give more weight to that testimony to the prejudice of lay witness testimony merely because a witness was a police officer. Under these circumstances, we find that the record before us sufficiently demonstrates Cashio's impartiality.[2]

Gloria Conrad
Anderson next argues that the trial court erred in failing to dismiss Gloria Conrad ("Conrad") for cause, because she had been the victim of a burglary. Upon questioning by the defense, Conrad stated that she understood her duty to "judge" her burglary "separate and apart" from Anderson's charge and that she would "consider the evidence" in this case.
While it is apparent that Conrad struggled with the previous burglary of her house nine years earlier, it is equally clear that under the facts of this case, she exhibited the ability to discard those views and make a decision based upon the evidence at trial. Accordingly, we find no error in the trial court ruling.

Karen Barnes
Anderson finally argues that it was error for the trial court to deny his motion to strike Karen Barnes ("Barnes") from the jury pool for cause, in that her employment at a retirement center put her in close proximity to law enforcement officers, and because she expressed a desire to hear both sides of the story, which suggested that she would consider Anderson's failure to take the stand as evidence of his guilt.
At trial, Anderson challenged this juror for cause only upon the ground that she may consider his failure to take the stand as evidence against him. Accordingly, on appeal, he is precluded from raising the new objection, namely, her relationship with law enforcement personnel. La. *927 C.Cr.P. art. 841; State v. Clayton, 427 So.2d 827 (La.1982).
Regarding the remaining issue, the juror twice acknowledged an understanding that a defendant is not required to testify at trial. She also expressed a clear understanding that his failure to testify could not be used as evidence either for or against him. When asked what effect, if any, that fact would have on her decision, the juror responded, "It shouldn't, just if I hear the facts" and that "[I]t would make my decision perhaps clearer." Upon further questioning, the juror explained that "[I]f the case is presented to me, both sides, then I will come to a conclusion whatever the facts are." She further explained that Anderson was not "guilty or innocent" to her, but that she would consider the facts and then come to a conclusion.
When read in context, the record before us shows that this juror's mention of "both sides" of the case was in reference to the factsboth favorable and unfavorable, not Anderson's testimony or lack thereof. She clearly acknowledged that the failure of a defendant to testify would not make a difference to her ultimate decision although Anderson's testimony might make the facts clearer to her. We find no abuse of discretion in the trial court's denial of Anderson's motion to challenge Barnes for cause. Moreover, because Anderson testified, he is unable to demonstrate prejudice in Barnes' service on the jury.

CONCLUSION
For the foregoing reasons, Anderson's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Upon error patent review, we observe that the trial court failed to impose a fine as part of Anderson's sentence in accordance with La. R.S. 14:95.1. Because the state has failed to appeal this sentencing error, however, this court may not correct this illegally lenient sentence, nor may we remand for resentencing. State v. Stanley, 34,437 (La.App.2d Cir.02/28/01), 780 So.2d 1207.
[2] We also distinguish this case from the facts of State v. Blank, 99-0482 (La.App. 1st Cir.11/05/99), 745 So.2d 1210, writ denied, 99-3444 (La.05/12/00), 762 So.2d 12, cited by Anderson in support of his position. In Blank, the potential juror clearly stated that he would "probably lean toward law enforcement" and "would find that police officers who testified for the State were more credible than other witnesses."