823 So.2d 1107 (2002)
STATE of Louisiana, Appellee
v.
Devine FELDER, Appellant.
No. 36,228-KA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*1108 Wilson Rambo, Monroe, Louisiana Appellate Project, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Carl L. Ekendahl, Randall Smith, Assistant District Attorneys, for Appellee.
Before BROWN, CARAWAY and KOSTELKA, JJ.
*1109 CARAWAY, J.
Defendant was tried and convicted of possession of a firearm by a convicted felon. La. R.S. 14:95.1. The trial court sentenced defendant to twelve years at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant appeals his conviction and sentence, assigning four errors. For the reasons stated below, defendant's conviction and sentence are affirmed.

Facts
On December 12, 2000, at approximately 9:00 p.m., Officer Tyrone Warren ("Officer Warren"), a Bossier City Police Officer, heard a call from dispatch concerning a fight in the 2100 block of Scott Street. While Officer Warren was en route to the scene, he saw the defendant, Devine Felder ("Felder"), jogging from Tipton Street to Youree Street. Officer Warren pulled up behind Felder in a parking lot and called Felder over to the patrol vehicle. Officer Warren stated that when Felder stopped briefly in front of the vehicle, Felder's hands were in his front pockets. When the officer asked Felder where he was coming from, defendant ran down Youree.
Officer Warren gave chase and ran behind the defendant. The officer noticed that Felder dropped a gun near the fence of the brightly lit parking lot. The gun came from Felder's front pocket. Officer Warren paused, looked at the gun, then continued his pursuit. The officer was about ten feet away from Felder when Felder dropped the gun. Defendant was apprehended approximately 75 yards from the spot where he dropped the gun.
After Officer Warren secured the defendant, he retrieved the gun. Officer Warren described the gun as a Larson .38 caliber black handgun. The gun was not tested for fingerprints.
At trial, Deputy Butch Smith ("Deputy Smith"), Bossier Parish Sheriff's Department, who the court accepted as an expert in fingerprinting and fingerprint analysis, fingerprinted Felder in the courtroom. After he compared those prints to the fingerprints from the bill of information for the prior conviction, Deputy Smith testified that the two sets of fingerprints matched.
Felder also testified during trial. He stated that he ran from Officer Warren because he was scared. Defendant denied possessing a firearm. Felder admitted that the street corner and the nearby parking lot were well lighted. He admitted his 1999 felony conviction for simple burglary and several misdemeanor convictions.
After trial, a jury convicted Felder as charged. The trial court imposed a twelve-year sentence at hard labor. Felder appeals his sentence, assigning four errors: (1) the evidence was insufficient to convict him; (2) the trial court imposed an excessive sentence; (3) the trial court failed to adequately comply with the requirements of LSA-C.Cr.P. art. 894.1; and (4) the trial court erred when it denied defendant's motion to reconsider sentence.

Discussion

Sufficiency of the Evidence
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
*1110 The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson, and does not extend to credibility determinations made by the trier of fact. State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. Bosley, supra. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
La. R.S. 14:95.1 provides, in pertinent part, that it is unlawful for any person who has been convicted of simple burglary to possess a firearm within ten years of the completion of the sentence imposed. To convict a defendant of the charged offense, the state must prove beyond a reasonable doubt: (1) that the defendant possessed a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year period of limitation; and, (4) general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983); State v. Woodruff, 34,454 (La.App.2d Cir.2/28/01), 780 So.2d 598. The statute does not require the firearm to be operable. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987).
In this case, Felder admitted his 1999 conviction for simple burglary. Therefore, the only contested fact was whether Felder possessed the gun. To prove this element, the state presented eyewitness testimony of Officer Warren, who stated that he saw Felder drop the gun during the foot pursuit. In State v. Anderson, 34,670 (La.App.2d Cir.5/9/01), 786 So.2d 917, and State v. Rodriguez, 00-1521 (La.App. 4th Cir.3/14/01), 786 So.2d 122, the court upheld verdicts for possession of a firearm by a convicted felon based on the testimony of a police officer that the defendant possessed a firearm and attempted to discard it during a pursuit. Despite Felder's testimony to the contrary, Officer Warren's testimony was accepted by the jury and is sufficient for the conviction.
Likewise, Felder's argument that the weapon was not shown to be capable of firing is of no merit. This is not an element of the crime. Rogers, supra. In this case, the handgun was identified at trial by Officer Warren and shown to the jury. The officer testified regarding the make and caliber of the weapon and identified it as a firearm to the jury.
When viewed in the light most favorable to the state, the evidence in this case is sufficient to support Felder's conviction. Officer Warren's eyewitness account alone is sufficient to convict Felder of the charged offense. This assignment is therefore without merit.

Excessive Sentence
Felder's remaining assignments of error pertain to his sentence. He argues that the trial court improperly considered his *1111 "rap sheet," instead of ordering a pre-sentencing investigation report. Felder further asserts that the trial court did not give sufficient reasons for imposing a twelve-year hard labor sentence.
After receiving his sentence, Felder filed a motion to reconsider sentence, arguing only that his sentence was excessive and unconstitutional. Defendant did not argue that the trial court failed to comply with La.C.Cr.P. art. 894.1; nor did he object to the trial court's use of his "rap sheet" instead of a pre-sentencing report.
A motion to reconsider sentence shall set forth the specific grounds on which the motion is based. La.C.Cr.P. art. 881.1(A)(2). Failure to include a specific ground on which the motion to reconsider sentence may be based shall preclude the defendant from raising an objection to the sentence on appeal or review. La.C.Cr.P. art. 881.1(D). Article 881.1 precludes a defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency. State v. Brantley, 28,542 (La.App.2d Cir.8/21/96), 679 So.2d 472. When a defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Therefore, we will consider only whether Felder's twelve-year sentence is constitutionally excessive.
A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
The offense of possession of a firearm by a convicted felon is punishable by incarceration for not less than ten years nor more than fifteen years at hard labor without the benefit of parole, probation or suspension of sentence, in addition to a fine of not less than $1,000 and not more than $5,000. The trial court imposed a twelve-year sentence without the benefit of parole, probation or suspension of sentence. This sentence is within the legal limit and below the mid-range from which the court could choose.
The trial court considered Felder's prior criminal history, including the previous felony and misdemeanor convictions admitted at trial. The trial court also noted that Felder was on probation when he committed the instant offense. The trial court opined that Felder lacked remorse and fled from the police. Given those considerations, the trial court determined that a minimum term of incarceration would be inappropriate; therefore, the trial court sentenced defendant to twelve years at hard labor without benefits. Considering the foregoing, Felder's sentence does not shock the conscience and is not unconstitutionally excessive. This assignment is therefore without merit.

Conclusion
For the reasons stated above, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.