Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,093-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

STEVEN ONEAL COLEMAN                        Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 381,874

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By:  Douglas Lee Harville

JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
CHEYENNE YVETTE WILSON
JASMINE CARLETTE COOPER
Assistant District Attorneys

* * * * *

Before STEPHENS, THOMPSON, and ROBINSON, JJ.

**ROBINSON, J.**

Steven Oneal Coleman ("Coleman") was charged by bill of information on April 1, 2021, with one count of aggravated second degree battery in violation of La. R.S. 14:34.7, stemming from an incident on February 8, 2021. Coleman pled not guilty and waived formal arraignment. A jury trial was held on November 14, 2023, and Coleman was convicted by a unanimous guilty verdict. Motions for post verdict judgment of acquittal and for a new trial were filed on January 25, 2024, the date of the sentencing hearing, and were heard and denied in open court. Coleman was then sentenced at the hearing to 15 years' imprisonment at hard labor. Coleman filed a motion to reconsider on March 13, 2024, which was denied on March 19, 2024, without a hearing. Coleman appeals his conviction and sentence.

For the following reasons, Coleman's conviction and sentence are AFFIRMED.

## FACTS AND PROCEDURAL BACKGROUND

Coleman and Alahna Blaylock ("Blaylock") had been acquainted for several years, after meeting on Facebook as teenagers. Coleman went to Blaylock's apartment the evening of February 8, 2021. Coleman and Blaylock got into an argument after Blaylock received some calls from a male acquaintance and Blaylock asked Coleman to leave. Blaylock walked Coleman to her door, locked it behind him when he left, and turned her back. Blaylock then heard Coleman say "bitch" as she was walking toward her son's bedroom, then heard gunshots. Blaylock stated in her interview with a detective at the hospital that she heard three gunshots but later testified that she heard two gunshots. It is uncertain exactly how much time passed from when the door was closed and the shots were fired. Blaylock did not realize

she had been shot until she fell to the floor.  She was able to open the door to look outside for Coleman's vehicle, but did not see anything.  She returned to the apartment, crawled to check on her infant son, and got her phone to call her mother and police.  Blaylock was taken by ambulance to the hospital and underwent emergency surgery for injuries resulting from the gunshot entering her back and exiting through her abdomen.  As a result of the gunshot, she has ongoing nerve issues and must use a colostomy bag.

While on the scene, police recovered two shell casings on the upstairs breezeway outside Blaylock's apartment, identified as 357-S types.  Patrol was called back to the scene later that day when a third casing was found inside the apartment.

Coleman did not testify during trial or at sentencing.  The jury returned a unanimous verdict finding Coleman guilty as charged.  The trial court denied Coleman's motions for a new trial and for post verdict judgment of acquittal during the sentencing hearing.  Blaylock testified that Coleman's actions changed her life and damaged her son's life, and that Coleman had shown no remorse or sympathy.  The court sentenced Coleman to 15 years at hard labor, the minimum required by La. C. Cr. P. art. 893.3(D), to be served concurrent with any other he may be required to serve, and with credit for time served.  The court particularly considered the facts that Coleman shot and caused permanent injury to Blaylock, as well as La. C. Cr. P. art. 893.3 and 894.  On March 19, 2024, the court denied an untimely motion to reconsider sentence, which only alleged excessiveness of the sentence.  The motion for appeal was granted March 27, 2024.

2

## DISCUSSION

### *Sufficiency of Evidence*

Coleman claims that the State failed to prove beyond a reasonable doubt who shot Blaylock and whether the shots were fired at Blaylock or her apartment; therefore, it failed to prove Coleman or anyone acted with specific intent to cause serious bodily injury to Blaylock. Coleman argues that the evidence introduced at trial, when viewed under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781. 61 L.Ed.2d 560 (1979), was insufficient to prove beyond a reasonable doubt that he was guilty of aggravated second degree battery. He asserts that, although it is possible that he fired at Blaylock through her closed apartment door, there are too many unanswered questions for any reasonable juror to have found the State proved Coleman was guilty beyond a reasonable doubt.

Coleman points out several issues that he claims create reasonable doubt. First, although Blaylock had known Coleman for years, she did not testify she had ever seen him with a gun or that he had ever threatened her before or on that night. Also, Blaylock could not see where Coleman was on the landing outside her apartment or whether anyone else was there when she heard Coleman say "bitch" after he had left and the door was closed. Further, Coleman notes that there was no testimony or evidence that police spoke with or investigated neighbors who may have witnessed or heard any of the events that took place that evening. There were no photographs of the door to show what angle the bullet entered the apartment or where the two shell casings were found on the landing. There was also no specific identification of the third shell casing that was found inside the apartment after the initial investigation of the scene. Coleman also raises questions

3

such as whether Blaylock's ability to perceive and remember the events was affected by her admitted smoking that evening, although the record does not indicate what substance was smoked or to what extent. He also notes that Blaylock had received several phone calls from another man while Coleman was with her and suggests that this man could have been involved in the shooting in some way.

An appellate court neither assesses credibility nor reweighs evidence and great deference must be given to the trier of fact's decision to accept or reject the testimony of a witness in whole or in part. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Myrick*, 54,606 (La. App. 2 Cir. 9/21/22), 349 So. 3d 92; *State v. Eason*, 43,788 (La. App. 2 Cir. 2/25/09), 3 So. 3d 685, *writ denied*, 09-0725 (La. 12/11/09), 23 So. 3d 913; *State v. Carr*, 55,692 (La. App. 2 Cir. 5/22/24), 387 So. 3d 886. The jury's reasonable credibility determination is not to be second-guessed on a *Jackson* sufficiency of the evidence review. *State v. Marshall*, 04-3139 (La. 11/29/06), 943 So. 2d 362, *cert. denied*, 552 U.S. 905, 128 S. Ct. 239, 169 L. Ed. 2d 179 (2007). Further, in the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Fussell*, 55,497 (La. App. 2 Cir. 2/28/24), 381 So. 3d 899; *Myrick*, *supra*.

Aggravated second degree battery is a specific intent crime. *State v. Sullivan*, 49,183 (La. App. 2 Cir. 8/13/14), 146 So. 3d 952; *State v. Harrison*, 46,325 (La. App. 2 Cir. 5/18/11), 69 So. 3d 581. Specific criminal intent is that state of mind existing when the circumstances indicate that the offender actively desires the prescribed criminal consequences to

4

follow his act or failure to act. La. R.S. 14:10(1). Specific intent can form in an instant, and it may be inferred from the circumstances surrounding the offense and the actions of the defendant. *Harrison*, *supra*; *State v. Linnear*, 44,830 (La. App. 2 Cir. 12/9/09), 26 So. 3d 303. The determination of whether the requisite intent is present is a question for the trier of fact. *State v. Frost*, 53,312 (La. App. 2 Cir. 3/4/20), 293 So. 3d 708, *writ denied*, 20-00628 (La. 11/18/20), 304 So. 3d 416.

Blaylock testified regarding her account of the events, which was consistent with statements she made during her interview with the detective while in the hospital, other than her statement as to whether she heard two versus three shots fired. There was no contradiction in her testimony with the physical evidence, particularly as to the two casings found on the breezeway and the trail of blood.

Blaylock had known Coleman for several years, so she would have recognized his voice on the other side of her door calling out "bitch" just after she made him leave her apartment following an argument. Coleman would have known that Blaylock was still near the door when he fired the shots into her apartment. It was also apparent from Blaylock's testimony that the events happened quickly. Further, nothing in Blaylock's testimony indicated that any other people were around at the time or that there was any delay in the shooting from when she closed the door.

Blaylock's testimony was sufficient to support the factual conclusion that Coleman was the shooter and that he had the specific intent to inflict serious bodily injury when he shot in the direction of her apartment immediately after being made to leave following an argument. Based on her account, the possibility that someone else could have shot into her apartment

5

immediately after she shut the door on Coleman following an argument and heard him utter "bitch" is not rational. The jury found Blaylock's testimony to be credible, and there is no basis to disturb that determination.

*Sentencing Error*

Coleman argues that the trial court erred when it concluded the jury found that Coleman "used or discharged" a firearm in the commission of a crime and resultingly applied the sentencing enhancement provision of La. C. Cr. P. art. 893.3(D) of a mandatory sentence of 15 years' imprisonment at hard labor. He claims that the jury only found that he "possessed or used" a firearm in the commission of a crime, as referenced in the responsive verdict form. As such, he should only be sentenced in accordance with La. C. Cr. P. art. 893.3(A), a range of 2 to 15 years' imprisonment.

Coleman also asserts that the trial court erred when it found it was required to impose a hard labor sentence, referring to a provision in La. C. Cr. P. art. 893.3(F) that the sentence imposed pursuant to the article "shall be imposed in the same manner as provided in the felony for which the defendant was convicted." He therefore argues that, because second degree aggravated battery carries a sentence *with or without* hard labor, the trial court was not required to impose a hard labor sentence.

La. C. Cr. P. art. 881.2(A)(1) provides:

> The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. The defendant also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions.

This article precludes a defendant from presenting arguments on appeal that were not presented to the trial court so as to allow that court to correct any

deficiency. *State v. Felder*, 36,228 (La. App. 2 Cir. 8/14/02), 823 So. 2d 1107; *State v. Brantley*, 28,542 (La. App. 2 Cir. 8/21/96), 679 So. 2d 472.

Coleman did not assert any of the above sentencing errors in his motion to reconsider sentence, but only a general claim of excessiveness, and he does not argue constitutional excessiveness in his appeal. Coleman's argument regarding the trial court's sentencing error was not properly preserved for review in accordance with La. C. Cr. P. art. 881.2(A)(1) because he failed to include it in his motion to reconsider sentence; therefore, there is no sentencing issue properly before the court for review.

## CONCLUSION

For the reasons stated hereinabove, Coleman's conviction and sentence are affirmed.

**AFFIRMED.**