761 So.2d 680 (2000)
STATE of Louisiana
v.
Larry LESLIE.
No. 99-CA-2856.
Court of Appeal of Louisiana, Fourth Circuit.
May 3, 2000.
*681 Harry F. Connick, District Attorney of Orleans Parish, Elizabeth D. Chatelain, Assistant District Attorney of Orleans Parish, New Orleans, LA, Counsel for Plaintiff.
(Court composed of Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, Sr. and Judge ROBERT A. KATZ).
WALTZER, Judge.

[1]STATEMENT OF THE CASE
On 27 January 1993, the State of Louisiana filed a petition against Larry Leslie for child support and health insurance and income assignment order in the Juvenile Court for Orleans Parish. On 19 May 1993 the court rendered judgment finding Leslie had an obligation to support his child, CL, and ordering him to pay $86 plus $6.88 costs biweekly pursuant to consent judgment and income assignment order. This amount included one half of health insurance costs. The income assignment order relating to that judgment was signed on 10 May 1993 to be effective from 21 May 1993.
On 7 June 1993, Leslie filed a motion to suspend payments during the summer until school reopened and he could go back to work. The motion was denied. On 19 August 1993 the original income assignment order was served on Leslie's employer, the Orleans Parish School Board. On 19 September 1994, the State filed a contempt rule against Leslie alleging support arrearages of $466.04 as of 9 September 1994 and seeking provision of medical insurance for CL.
On 6 June 1995, Leslie's employer, Custom Bus Service, was served with a copy of the Immediate Income Assignment Order dated 10 May 1995. On 11 August 1995, the State filed a rule to show cause why an order to extinguish arrears of $1,920.80 as of 28 July 1995 should not be entered. On 7 November 1995, the court entered an income assignment order for up to 50% of Leslie's earnings. This order was served on Leslie on 24 November 1995. On 8 November 1995, the State filed another contempt rule based on $1,864.52 in arrearages.
The record shows a series of attachments in 1996 and 1997 arising out of Leslie's failure to appear in juvenile court *682 and failure to pay the court-ordered child support.
Another contempt rule was set for 17 May 1999. On 1 July 1999 the hearing officer filed a minute entry noting:
Keva Bowles of the DA's office issued an immediate income assignment order from the DA's offices withholding 50% of Leslie's income extrajudicially and in excess of the order of this Court. There was an immediate income assignment order in place dated 11/7/95.
The minute entry of 23 August 1999 shows Leslie was served with the income assignment and appeared to contest the order. On 23 August 1999, the hearing officer found that Bowles' order was in conflict with the 8 November 1995 order of Judge Anita Ganucheau and recommended that the Notice of Income Assignment be held invalid and the District Attorney ordered to advise Leslie's employer to proceed with garnishment in accordance with the 8 November 1995 order of the juvenile court.
Leslie appealed the hearing officer's ruling to juvenile court. On 24 September 1999 the matter was tried to the court.
At that trial, the State argued that La. R.S. 46:236.3 B(1), allows for the garnishment without an amending court order. The trial judge read the statutory provision into the record and found that it did not give the State the option of exceeding the last-rendered court order. The trial judge noted that if the State wants to increase support, it should file a rule to increase. The State sought to introduce the Louisiana Department of Social Services Policy Manual as to the issue; however, the trial judge said the law, not the departmental policy, was at issue. Under questioning by the trial judge, counsel for the State agreed that the State, in effect, modified the prior support judgment without coming to court, but relied on its interpretation of the State law. The trial court held the State had no authority to so modify the judgment.
The parties agreed that the case turned solely on the legal issue, and neither side offered evidence.
The juvenile court made the Hearing Officer's recommendation the judgment of the court on 24 and 27 September 1999. From that judgment the State appeals. We reverse.

ANALYSIS
The parties acknowledged in the trial court that there is no jurisprudence interpreting the applicable State and federal statutes.
La.R.S. 46:236.3 B(1) provides in pertinent part:
Upon entry of any court order for the establishment or modification of support, the court shall order an immediate income assignment, which shall be effectuated immediately by providing a written notice to the payor ... of income, unless there is a written agreement between the parties or the court finds good cause not to require immediate income assignment. This income assignment may be effectuated by providing a written notice to any payor ... of income, advising the payor to withhold an amount for current support, plus an additional amount, to be determined by the obligee, toward any arrearage.
La.R.S. 13:3881 A(1)(a) provides for an exemption of 50% of disposable income for payment of current or past due support obligations.
The State argues that the statute removes from the court the ability to assign a specific amount toward arrearages and places in the hands of the obligee the right to collect the arrearage at the statutory maximum of 50% of income. Under the State's rationale, once a court order establishes or modifies support and orders an income assignment, the obligee acquires the right continually to modify the amount of income to be garnished subject to the 50% exemption without further court involvement. We find this interpretation to be reasonable.
*683 The Historical and Statutory Notes to La.R.S. 46:236.3 inform us that Section 2 of Acts 1997, No. 1250 (Section 1 of which reenacts and amends the statute in question) would not take effect unless the secretary of the United States Department of Health and Human Services, Administration for Children and Families, determines that the provisions are required for compliance with the provisions of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996. On behalf of the Secretary, the enacting legislation was reviewed and in a letter dated 19 August 1997 were determined to be responsive to the federal Act.
Provisions of the federal Act shedding light on the genesis of the state statute are found in 42 U.S.C. § 651 et seq., "Part DChild Support and Establishment of Paternity." 42 U.S.C. § 654(20) requires that the State shall have in effect all of the laws to improve child support enforcement effectiveness which are referred to in 42 U.S.C. § 666, and shall implement the procedures prescribed in or pursuant to such laws.
42 U.S.C. § 666(a) provides that in order to increase the effectiveness of the program of child support enforcement and collection prescribed by federal law, the State must establish certain procedures:
1A: Procedures described in subsection (b) of this section for the withholding from income of amounts payable as support in cases subject to enforcement under the State plan.
Subsection (b) referred to in 42 U.S.C. § 666(a) provides:
The procedures referred to in subsection (a)(1)(A) of this section (relating to the withholding from income of amounts payable as support) must provide for the following:
* * *
(2) Such withholding must be provided without the necessity of any application therefor in the case of a child (whether or not eligible for assistance under a State program funded under part A of this subchapter) with respect to whom services are already being provided under the State plan under this part, and must be provided in accordance with this subsection on the basis of an application for services under the State plan in the case of any other child in whose behalf a support order has been issued or modified in the State. In either case such withholding must occur without the need for any amendment to the support order involved or for any further action (other than those required under this part) by the court or other entity which issued such order.
The amount of arrearage was set in the 1993 judgment. The statutes give the obligee the right, analogous to that of a judgment debtor, to have garnished any amount up to 50% of the obligor's disposable income that satisfies that judgment.
The imposition of a requirement of court intervention is not necessary to protect the obligor's due process right to notice. The action taken by the State in this case is analogous to the garnishment under a writ of fieri facias provided for by La. C.C.P. art. 2411 and to garnishment of wages as provided for in La.R.S. 13:3921, neither of which has been held to violate constitutional notions of due process. Furthermore, the federal act requires only that the State send notice to the noncustodial parent that the withholding has commenced and of the procedures to follow if the noncustodial parent desires to contest the withholding on the grounds that the withholding or the amount withheld is improper due to a mistake of fact. 42 U.S.C. § 666(b)(4)(A)(i) and (ii). The 23 August 1999 minute entry shows that Leslie appeared pursuant to personal service of the withholding order, thus satisfying the due process requirement of the federal act.

CONCLUSION AND DECREE
For the foregoing reasons, the judgment of the trial court affirming the decision of the Hearing Officer is reversed and judgment *684 is rendered in favor of appellant. Costs of these proceedings are assessed against the appellee.
REVERSED AND RENDERED.
NOTES
[1] THIS OPINION WAS APPROVED BY JUDGE KATZ PRIOR TO HIS DEATH.