782 So.2d 646 (2001)
STATE of Louisiana,
v.
Reginald Ferdinand BROWN.
No. 2000-CA-0912.
Court of Appeal of Louisiana, Fourth Circuit.
February 21, 2001.
*647 Harry F. Connick, District Attorney, Frederick Veters, Jr., Assistant District Attorney, Elizabeth D. Chatelain, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellant.
Court composed of Judge BAGNERIS, Judge KIRBY, and Judge GORBATY.
GORBATY, Judge.
In this appeal, the State of Louisiana contends that the trial court erred in refusing to sentence defendant to imprisonment for the finding of contempt, ordering sua sponte a set payment toward arrears, and denying the State's Rule to Revoke Licenses. For the reasons set forth below, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
On March 9, 1993, the State of Louisiana through the Department of Social Services ("Department") filed a Petition to Establish Paternity and Support Obligations pursuant to La. R.S. 46:236 et seq. The parties entered into a consent judgment on this date wherein defendant, Reginald F. Brown, agreed to pay child support for his minor child, Ariell Brown, to her mother and custodian, Antoinette Harris, through the State of Louisiana, at the rate of $203 per month, retroactive to January 9, 1993. On October 22, 1996, the Office of the District Attorney for the Parish of Orleans ("State") enrolled as counsel for the limited purposes of collecting, enforcing and distributing child support. On that same date, the State requested, and the Court ordered, an Income Assignment Order pursuant to the provisions of La. R.S. 46:236.3 et seq. The State also filed a Rule for Contempt and to Make Past Due Child Support Executory. A Consent Judgment was entered into on this matter on January 29, 1997.
On November 24, 1999, the State again filed a Rule for Contempt and to Make Past Due Child Support Executory, as well as a Rule to Revoke Licenses against the Defendant, alleging that he had failed to make court ordered child support payments. At the hearing on February 25, 2000, the State's custodian of records testified that the defendant was obligated to pay $203 per month, but he had failed to do so from January 1993 to December 1999, resulting in the accrual of $9,081.68 in arrears. The defendant testified that he was aware of his child support obligation and the fact that he had not been in compliance with it. Defendant claimed that the reason he had been unable to pay child support was that he had been paying *648 restitution in a case brought against him by the Orleans Parish School Board.
Although the Judgment in this matter states that the contempt rule was dismissed, the transcript of these proceedings clearly shows that the trial judge found Mr. Brown in contempt of court. The court further denied the Rule to Revoke Licenses. The trial judge stated, "[T]he only reason I'm not going to incarcerate you or revoke your driver's license is because you are working... If you quit your employment with NORD or appear here again in court, you're going to go to jail." The court denied the State's alternative request that the defendant be given a suspended sentence. The court ordered that the past due support of $9,081.68 be made executory, and ordered the defendant to pay an additional $100 per month toward the arrears. The State subsequently filed this appeal.

DISCUSSION
In its first assignment of error, the State avers that a finding of contempt brought under the authority of La. R.S. 46:236.1 et seq mandates a sentence of imprisonment under La. R.S. 46:236.6(B)(1). La. R.S. 46:236.6(B) provides that if the court finds the accused guilty of contempt for failure to comply with the previous judgment,
"the defendant may be punished as follows: the court shall impose a sentence of imprisonment for not more than ninety days or a fine of not more than five hundred dollars or both. At the discretion of the court, the sentence may be suspended upon payment of... (a) the amount of the order for unpaid support; (b) the total amount of unpaid support accruing since the date of the order; and (c) the amount of all attendant court costs." (Emphasis added.)
The trial court erred in failing to fine Mr. Brown or impose a sentence of imprisonment, suspended or otherwise, as required by La. R.S. 46:236.6.
The State contends that the trial court also erred in limiting the State's right to collect arrears by wage assignment by ordering the defendant to pay $100 per month toward the arrears. La. R.S. 46:236.3(B)(1) provides that:
"[u]pon entry of any court order for the establishment or modification of support, the court shall order an immediate income assignment... This income assignment may be effectuated by serving a notice on any payor of income or payors of income, advising the payor to withhold an amount for current support, plus an additional amount to be determined by the obligee, toward any arrearage."
This statute removes from the court the ability to determine a specific amount of income assignment. Once a court order establishes or modifies child support and orders an income assignment, the obligee acquires the right continually to modify the amount of income to be garnished subject to the fifty percent exemption without further court involvement. State v. Leslie, 761 So.2d 680 (La.App. 4 Cir.2000). The trial judge in the instant case erred when she ordered a wage assignment in the amount of $100 per month to satisfy the arrears instead of allowing the State to determine the amount to be withheld.
Finally, the State argues that the trial court erred by denying its Motion to Revoke Licenses. La. R.S. 9:315.32(A) states:
"The court on its own motion or upon motion of an obligee or the department shall, unless the court determines good cause exists, issue an order of suspension of a license or licenses of any obligor who is not in compliance with an order of child support. The court shall give specific written and oral reasons supporting its determination of good cause including a finding as to the particular *649 facts and circumstances that warrant a determination not to suspend a license..."
The court orally addressed the Motion to Revoke Licenses by stating that "the only reason I'm not going to... revoke [the defendant's] driver's license is because [he is] working." However, the written Judgment fails to address the Motion to Revoke Licenses in any way. The court erred when it neglected to give written as well as oral reasons supporting the finding of good cause for its denial of the Motion to Revoke Licenses, as required by La. R.S. 9:315.32(A).
Accordingly, for the foregoing reasons, the judgment of the trial court is reversed. This matter is remanded for sentencing of the defendant for contempt pursuant to La. R.S. 46:236.1 et seq. Further, the trial court shall give specific written reasons supporting its determination of "good cause," including a finding as to the particular facts and circumstances that warrant a determination not to suspend the defendant's license, as required by La. R.S. 9:315.32(A).
REVERSED AND REMANDED.