782 So.2d 98 (2001)
STATE of Louisiana Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES OFFICE OF FAMILY SECURITY, In the Interest of Henrietta MYLES, Minor Child of Mary Brown
v.
Melvin JONES.
No. 2000-CA-0929.
Court of Appeal of Louisiana, Fourth Circuit.
February 21, 2001.
Harry F. Connick, District Attorney, Frederick Veters, Jr., Assistant District Attorney, Elizabeth D. Chatelain, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellant.
Court composed of BAGNERIS, KIRBY, and GORBATY, JJ.
GORBATY, Judge.
The State of Louisiana, through the Department of Social Services, appeals a February 4, 2000 order finding Melvin Jones in contempt for non-payment of court ordered child support. The State claims that the trial court erred in refusing to imprison Mr. Jones, and in denying its Rule to Revoke Licenses. For the following reasons, we reverse and remand.

FACTS:
By consent judgment of July 27, 1983, Mr. Jones was ordered to pay $25 per month child support. The record reveals that Mr. Jones was continually delinquent in payment of the support, and was found to be in arrears on several occasions. The record indicates that an Income Assignment Order was rendered on January 28, 1987. However, because Mr. Jones was either unemployed or changed jobs frequently, the order could not be directed to any one payor, and the State requested that a bond be posted. The record does *99 not indicate that the State's request was ever rule upon. The subject appeal results from a Rule for Contempt and to Rule to Revoke Licenses filed by the State on October 27, 1999. At the hearing on February 4, 2000, Mr. Jones testified that he had been unemployed for over four years, and was disabled. He stated that he had applied for Social Security disability benefits, but was denied, and was appealing the denial. He also offered that he was gratuitously caring for Ms. Brown, the mother of his daughter, who was ill. However, Mr. Jones offered no proof to corroborate his testimony. Further, the State introduced a letter written by Ms. Brown explaining why she could not attend the February 4 hearing. No mention was made in the letter of Mr. Jones's care giving, nor did it indicate that Ms. Brown did not want to go forward with the contempt proceedings. The court granted the State's Rule for Contempt, made the arrearage of $1650.00 executory, and ordered that Mr. Jones pay an additional $20 per month toward the arrearage. The trial court refused, however, to incarcerate Mr. Jones for his contempt. The State subsequently filed this appeal.

DISCUSSION:
In its first assignment of error, the State argues that La. Rev.Stat. 46:236.6 B(1) mandates a sentence of imprisonment for a finding of contempt. We agree.
Louisiana Revised Statute 46:236.6 B(1) provides:
For a finding of contempt of court, the court shall impose a sentence of imprisonment for not more than ninety days or a fine of not more than five hundred dollars, or both. At the discretion of the court, the sentence may be suspended upon payment of all of the following:
(a) The amount of the order for unpaid support.
(b) The total amount of unpaid support accruing since the date of the order.
(c) The amount of all attendant court costs.
The language of the statute dictates mandatory incarceration. The record indicates that the State requested a period of incarceration, and suggested that the sentence could be suspended,[1] but the trial court refused. It was error for the trial court not to sentence Mr. Jones to a maximum of ninety days in prison, or to fine him up to $500, or both.
The State also argues that the trial court erred in limiting its right to collect the arrearage by wage assignment by ordering Mr. Jones to pay an additional $20 per month.
Louisiana Revised Statute 46:236.3 B(1) provides:
Upon entry of any court order for the establishment or modification of support, the court shall order an immediate income assignment, .... This income assignment may be effectuated by serving notice on any payor of income or payors of income, advising the payor to withhold an amount for current support, plus an additional amount to be determined by the obligee, toward any arrearage.
(emphasis added) Thus, the court is statutorily prohibited from determining a specific amount of income assignment. Further, this Court in State v. Leslie, 99-2856 (La.App. 4 Cir. 5/13/00), 761 So.2d 680, held that an existing income assignment may be modified by an obligee at any time without court intervention, subject to the fifty percent exemption. Thus, it was error for the trial court to order Mr. Jones to pay an extra amount toward the arrearage, and thereby abrogate the State's right as obligee to collect up to fifty percent of his wages.
*100 In its final assignment of error, the State argues that the trial court erred in denying its Motion to Revoke Licenses.
Louisiana Revised Statute 46:315.32 A provides that the court shall, unless it determines good cause, issue an order of suspension of license(s) of any obligor who is not in compliance with court-ordered child support. If good cause is determined, the trial court shall give specific written and oral reasons for such finding. Neither the transcript nor the judgment indicates that the trial court ruled on the State's motion. Therefore, because the trial court has not rendered judgment on this issue, there is nothing for this Court to review at this time.
Accordingly, the judgment of the trial court is reversed, and this case is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] La. Rev.Stat. 46:236.6 B(2).