| .MURRAY, Judge.
The State of Louisiana, through the Department of Social Services, appeals a trial court judgment finding the defendant, Michael Evans, in contempt of court, making his past due child support obligation exec-utory, but failing to sentence him to a term of imprisonment. Following recent rulings of this court, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On April 4, 1994, the State filed a Petition to Establish Paternity and Support Obligations pursuant to La.R.S. 46:236 et seq. against the defendant, Michael Evans. On June 15, 1994, the trial court confirmed a default judgment against the defendant and ordered him to pay child support of $68.00 a month for the support of his son, Justin Savage.[1] The trial court issued an income assignment order, pursuant to La. R.S. 46:236.3, by which the defendant’s employer would withhold the monthly amount from the defendant’s paycheck and pay it to the State of Louisiana, Support Enforcement Services, retroactive to April 4,1994.
IjjOn March 16, 1998, at the request of Gizelle Savage, the Orleans Parish District Attorney’s Office enrolled as counsel on behalf of the State to collect, enforce and distribute child support for Justin. On February 25, 2000, the State filed a rule for contempt and to make past due child support executory against the defendant.
At the hearing on the rule on May 5, 2000, the State presented evidence that the defendant had not paid child support since September 1999 and that he owed $510.00 for this obligation.[2]
The defendant testified that he had been working as a chef at the UNO Lakefront Arena for three months. He could not state what his salary was, but he did state that he earned overtime, made less than *1081 minimum wage, and had no benefits. Several times during his testimony, the defendant stated that he had no problem with paying his support obligation. The reason he gave for not paying was that when he had lost his job as a chef at a local university in September 1999, support was no longer taken out of his paycheck. After losing this job, he began receiving unemployment, then he worked offshore for Universal Services, and finally he was hired for his present job. As further information on why he stopped paying his support obligation, the defendant recounted an instance when he attempted to pay his obligation, but ended up being frustrated when he was sent from one place to another and back to the first place.
14At the hearing, the State requested that the $510.00 owed be made executory and that the court order the defendant to pay the total amount owed within six months. The trial court found the defendant in contempt, made the $510.00 child support arrears executory and payable by the defendant within six months. The trial court further issued a wage assignment for the ongoing amount that the defendant would owe, $68.00 a month. The trial court denied the State’s request to impose a suspended sentence of imprisonment on the defendant and to require jail time if he failed to pay the amount due in six months. In doing so, the trial court reasoned:
Under the Code of Civil Procedure, [a]civil contempt finding is discretionary by the Judge as to whether imprisonment can be imposed. This is not a criminal proceeding.
DISCUSSION OF LAW AND ANALYSIS
In its first assignment of error, the State argues that a finding of contempt in a case brought pursuant to La.R.S. 46:236.1 requires a sentence of imprisonment under La.R.S. 46:236.6. La.R.S. 46:236.6 provides in part:
A. If a defendant violates the terms of a court order, issued pursuant to the provisions of R.S. 46:236.1, R.S. 46:236.2, Ch.C. Articles 1301 et seq., or R.S. 13:4241, requiring him to pay child support to the Department of Social Services, a representative of the child support collection agency as set forth in R.S. 46:236.1(K) may serve on the defendant a summons ordering him to appear and show cause before the proper court of competent jurisdiction why he should not be held in contempt of court. Prior to or at the hearing, the Department of Social Services or the district attorney shall file with the court and serve in open court on the defendant a rule for contempt, setting forth the terms of the original court order for child support and all modifications thereof, along with the allegations purporting to place the defendant in contempt....
B. If at the hearing of such rule the court finds the accused guilty of contempt for failure to comply with the previous judgment, the |Rcontempt shall be deemed constructive contempt under Article 224(2) of the Code of Civil Procedure and the defendant may be punished as follows:
(1) For a finding of contempt of court, the court shall impose a sentence of imprisonment for not more than ninety days or a fine of not more than five hundred dollars, or both. At the discretion of the court, the sentence may be suspended upon payment of all of the following:
(a) The amount of the order for unpaid support.
(b) The total amount of unpaid support accruing since the date of the order.
(c) The amount of all attendant court costs.
*1082 (2) Upon recommendation of the state attorney or the representative of the child support collection agency, or both, all or part of the sentence at or after imposition may be suspended upon payment of a lesser amount plus attendant court costs. Such payment shall apply toward but not extinguish the total amount due. If, upon any finding of contempt, the court imposes a period of incarceration without suspension and renders a money judgment against the defendant, the incarceration will not relieve the defendant from his obligation to pay the amount of arrears after release from incarceration.
(3) In any instance where the court imposes a period of incarceration, the defendant may purge himself of contempt and be released from jail upon paying the full amount of arrearages owed. Upon receipt of payment, the child support collection agency shall immediately notify the appropriate court that the full amount of arrearages have been paid, and the court shall direct an order to the proper authorities requiring the defendant’s release forthwith.
C. In addition to the above, the court shall render judgment in favor of the applicable payee for the amount of unpaid support plus attendant court costs. The judgment shall have the same force and effect as a final judgment for money damages against the defendant. This judgment shall become executory upon its rendition, subject to the delays for filing a motion for new trial or appeal, and may be registered with any Louisiana court of competent jurisdiction on petition of the Department of Social Services, the district attorney’s office, or the applicable payee.
* =:= *
E. The provisions and remedies provided by this Section shall be construed as an addition to, and not in substitution for, any other |firemedy otherwise available to obtain or enforce an order for support. Relief under this Section shall not be denied, delayed, or otherwise affected because of the availability of other remedies, nor shall relief under any other statute be delayed or denied because of the availability of the remedies provided by this Section. (Emphasis added.)
In two recent opinions by this court, State in Interest of Myles v. Jones, 00-0929 (La.App. 4 Cir. 2/21/01), 782 So.2d 98 and State v. Brown, 00-0912 (La.App. 4 Cir. 3/19/01), 782 So.2d 646, this court reversed rulings by the trial court which failed to impose a sentence of imprisonment on persons the court found in contempt of court for failing to abide by court-ordered child support. In Brown, the court determined that the “trial court erred by failing to fine [the defendant] or impose a sentence of imprisonment, suspended or otherwise, as required by La. R.S. 46:236.6.” 782 So.2d at 648. In Jones, the court agreed that “La.R.S. 46:236.6 B(l) mandates a sentence of imprisonment for a finding of contempt” and “[I]t was error for the trial court not to sentence [the defendant] to a maximum of ninety days in prison, or to fine him up to $500, or both.” 782 So.2d at 99.
In the instant case, we are constrained to follow this precedent. Nevertheless, because La.R.S. 46:236.6 is being interpreted to eliminate significant trial court discretion, we invite legislative review of La.R.S. 46:236.6. In La.R.S. 46:236.6 B and B(l), the statute uses both “shall” and “may” with regard to the appropriate punishment for violators; it is, therefore, unquestionably ambiguous. Moreover, another statute, La.R.S. 13:4611(l)(d), also governs punishment for contempt of court specifically for disobedience of an order to *1083 pay child support. This statute clearly gives the trial court discretion to impose a sentence of imprisonment and therefore conflicts with La.R.S. 46:236.6.
^^Notwithstanding our concern about these issues, in keeping with the Brawn and Jones decisions, we find that the trial court erred in not imposing a sentence of imprisonment, particularly the suspended sentence of a few days requested by the State. However, consistent with the State’s request for a suspended sentence, if, on remand, the trial court determines that the arrears has already been paid by the defendant, then the trial court would not have to impose a sentence of imprisonment in this case.
In its second assignment of error, the State claims that the trial court erred by limiting the State’s right to collect the arrears by adding $25.00 per month to the income assignment to pay the amount owed in arrears. The record does not support this error. Although the trial court initially ordered that $25.00 be added to the ongoing income assignment amount to satisfy the arrears, she apparently withdrew this order after the State made its recommendation and instead adopted the State’s exact proposal for payment. The trial judge’s comments at the hearing verify this, as well as her handwritten notation • on the judgment itself. There is no merit to this assignment of error.
CONCLUSION
Accordingly, for the reasons given, we reverse the judgment of the trial court and remand for further proceedings not inconsistent with this opinion. The costs of this appeal are to be borne by the State.
REVERSED AND REMANDED

. The trial court awarded custody of Justin to his mother, Gizelle Savage.

. The State first alleged that the defendant owed $1205.00 to the State and $510.00 to Gizelle Savage. The State and the court were satisfied that only the latter amount was owed once the defendant presented an IRS statement reflecting payment of the former amount.