MURRAY, Judge.
The State of Louisiana, through the Department of Social Services, appeals a trial court judgment finding the defendant, Gregory Etienne, in contempt of court, making his past due child support obligation executory, and ordering that a set amount per month be paid towards the arrearages, but failing to impose a sentence upon the defendant.
FACTS AND PROCEDURAL HISTORY:
On February 13, 1996, the State filed a Petition to Establish an Order of Child Support pursuant to La. R.S. 46:236 et seq. against the defendant, Gregory Etienne, in relation to his minor child, Gregory Lawson. The child was in the custody of his mother, Avis Lawson. On the same date, a final consent judgment was entered into ordering the defendant to pay child support, through the State, in the amount of $200.00 per month commencing March 12, 1996. On May 23, 1997, the Office of the District Attorney for the Parish of Orleans enrolled as counsel for the limited purpose of collecting, enforcing and distributing child support.[1] On November 8, 1999, the *1028 State filed a Rule for Contempt[2] against the ^defendant, alleging that he had failed to make the court-ordered child support payments and had fallen in arrears.
At the hearing on May 5, 2000, the State’s custodian of records testified that the defendant had not made any payments since the State had intercepted his federal income tax return in April of 1999; accordingly, the defendant had accrued the sum of $3,302.00 in arrearages, all of which was owed to the complainant, Avis Lawson. The defendant, Gregory Etienne, testified that, at the time of the hearing, he had been working for United Roofing for about one month earning approximately $250.00 per week, but that he had been unemployed for about seven months prior to that time. He acknowledged an awareness of his obligation to pay the court-ordered support for his son, and his failure to do so. Defendant stated that he was forty-eight years old, he lived with his mother, and he was unable to pay her rent or contribute to the household expenses. Other than his period of unemployment, the only justification offered by the defendant for his failure to pay was his frustration in attempting to contact the proper State office to make further payments.
At the conclusion of the hearing, the trial court found the defendant to be in contempt, made executory the amount of arrearages ($3,302.00), issued a wage assignment for the original amount of support ($200.00 per month), and ordered the defendant to pay an additional amount of $50.00 per month towards the arrearages. The written judgment, signed in open court at the conclusion of the hearing, does not mention the income assignment, presumably because one was already in effect. The trial court specifically declined the State’s request that it impose a sentence of imprisonment for the contempt.
1 i,The State appeals on two grounds: (1) that the trial court’s failure to impose a sentence violates La. R.S. 46:236.6(B), which mandates a sentence of imprisonment or a fine in the instant situation; and, (2) that the trial court erred by ordering a set amount to be paid each month towards the arrearages, thereby abrogating the State’s right, pursuant to La. R.S. 46:236.3(B), to determine the rate at which the arrearages are to be paid, subject only to the legal exemption from seizure of fifty percent of the debtor’s disposable earnings under La. R.S. 13:3881(A).
ASSIGNMENT OF ERROR ONE
In its first assignment of error, the State argues that a finding of contempt in a case brought pursuant to La.R.S. 46:236.1 requires a sentence of imprisonment under La.R.S. 46:236.6. La.R.S. 46:236.6 provides in part:
A. If a defendant violates the terms of a court order, issued pursuant to the provisions of R.S. 46:236.1, R.S. 46:236.2, Ch.C. Articles 1301 et seq., or R.S. 13:4241, requiring him to pay child support to the Department of Social Services, a representative of the child support collection agency as set forth in R.S. 46:236.1(K) may serve on the defendant a summons ordering him to appear and show cause before the proper court of competent jurisdiction why he should not be held in contempt of court. Prior to or at the hearing, the Department of Social Services or the district attorney shall file with the court and serve in open court on the defendant a rule for contempt, setting forth the terms of the original court order for child support and all modifications thereof, along with *1029 the allegations purporting to place the defendant in contempt....
B. If at the hearing of such rule the court finds the accused guilty of contempt for failure to comply with the previous judgment, the contempt shall be deemed constructive contempt under Article 224(2) of the Code of Civil Procedure and the defendant may be punished as follows:
(1) For a finding of contempt of court, the court shall impose a sentence of imprisonment for not more than ninety days or a fine of not more than five hundred dollars, or both. At the discretion of the court, the sentence may be suspended upon payment of all of the following:
14(a) The amount of the order for unpaid support.
(b) The total amount of unpaid support accruing since the date of the order.
(c) The amount of all attendant court costs.
(2) Upon recommendation of the state attorney or the representative of the child support collection agency, or both, all or part of the sentence at or after imposition may be suspended upon payment of a lesser amount plus attendant court costs. Such payment shall apply toward but not extinguish the total amount due. If, upon any finding of contempt, the court imposes a period of incarceration without suspension and renders a money judgment against the defendant, the incarceration will not relieve the defendant from his obligation to pay the amount of arrears after release from incarceration.
(3) In any instance where the court imposes a period of incarceration, the defendant may purge himself of contempt and be released from jail upon paying the full amount of arrearages owed. Upon receipt of payment, the child support collection agency shall immediately notify the appropriate court that the full amount of arrearages have been paid, and the court shall direct an order to the proper authorities requiring the defendant’s release forthwith.
C. In addition to the above, the court shall render judgment in favor of the applicable payee for the amount of unpaid support plus attendant court costs. The judgment shall have the same force and effect as a final judgment for money damages against the defendant. This judgment shall become executory upon its rendition, subject to the delays for filing a motion for new trial or appeal, and may be registered with any Louisiana court of competent jurisdiction on petition of the Department of Social Services, the district attorney’s office, or the applicable payee.
[[Image here]]
E. The provisions and remedies provided by this Section shall be construed as an addition to, and not in substitution for, any other remedy otherwise available to obtain or enforce an order for support. Relief under this Section shall not be denied, delayed, or otherwise affected because of the availability of other remedies, nor shall relief under any other statute be delayed or denied because of the availability of the remedies provided by this Section. (Emphasis added.)
|fiIn four recent opinions, this court has reversed rulings by the trial court which had declined, over the State’s objection, to impose a sentence of imprisonment or a fine on persons found in contempt for their failure to pay court-ordered child support. See: State ex rel. Dept. of Health v. Jones, 00-0929 (La.App. 4 Cir. 2/21/01), 782 So.2d 98; State v. Brown, 00-0912 (La.App. 4 Cir. 2/21/01), 782 So.2d *1030 646; State v. Claiborne, 00-0738 (La.App. 4 Cir. 3/21/01), 786 So.2d 921; State ex rel. Dept. of Social Services v. Evans, 00-1549 (La.App. 4 Cir. 5/9/01), 787 So.2d 1079. In State v. Brown, supra, the court determined that the “trial court erred by failing to fine [the defendant] or impose a sentence of imprisonment, suspended or otherwise, as required by La. R.S. 46:236.6.” Id. at p. 4, 782 So.2d at 648. In Jones, supra, the court agreed that La.R.S. 46:236.6 B(l) mandates a sentence of imprisonment for a finding of contempt and held: “[I]t was error for the trial court not to sentence [the defendant] to a maximum of ninety days in prison, or to fine him up to $600, or both.” Id. at p. 3, 782 So.2d at 99. In Claiborne, supra, the court concluded:
Accordingly, when the trial court found Mr. Claiborne in contempt of court and refused to impose a sentence, the trial court erred.The State is correct that the trial court does not have the authority to refuse to impose a sentence on the debtor.
Id. at p. 3, 785 So.2d at 924.
Referring to the Brown and Jones decisions, this court noted in Evans, supra:
In the instant case, we are constrained to follow this precedent. Nevertheless, because La.R.S. 46:236.6 is being interpreted to eliminate significant trial court discretion, we invite legislative review of La.R.S. 46:236.6. In La. R.S. 46:236.6 B and B(l), the statute uses both “shall” and “may” with regard to the appropriate punishment for violators; it is, therefore, unquestionably ambiguous. Moreover, another statute, La. R.S. 13:4611(l)(d), also governs punishment for contempt of court specifically for disobedience of an order to pay child support. This statute clearly gives the trial court discretion to ^impose a sentence of imprisonment and therefore conflicts with La.R.S. 46:236.6.
Notwithstanding our concern about these issues, in keeping with the Brown and Jones decisions, we find that the trial court erred in not imposing a sentence of imprisonment, particularly the suspended sentence of a few days requested by the State. However, consistent with the State’s request for a suspended sentence, if, on remand, the trial court determines that the arrears has already been paid by the defendant, then the trial court would not have to impose a sentence of imprisonment in this case.
Id. at p. 7, 787 So.2d at 1083.
In the instant case, as in Evans, we are compelled to follow the established precedent of this court, and thus to reverse the trial court’s ruling on account of that court’s failure to impose a sentence on Gregory Etienne. However, in so doing, we reiterate the Evans court’s invitation to the legislature to address the ambiguity in the wording of the statute.
ASSIGNMENT OF ERROR TWO
In its second assignment of error, the State contends that the judgment of the trial court, which ordered the defendant to pay an additional $50.00 per month toward the arrearage, impermissibly limits the State’s statutory authority to seize, ex parte and pursuant to income assignment, up to fifty percent of defendant’s earnings until any arrearage is satisfied. La. R.S. 46:236.3(B)(1) provides:
Upon entry of any court order for the establishment or modification of support, the court shall order an immediate income assignment, which shall be effectuated immediately by service on the pay- or or payors of income, unless there is a written agreement between the parties or the court finds good cause not to require immediate income assignment. *1031 This income assignment may be effectuated by serving notice on any payor or payors of income, advising the payor to withhold an amount for current support, plus an additional amount, to be determined by the obligee, toward any arrear-age. (Emphasis added.)
We agree that this provision clearly gives the State, as obligee, the right to determine the amount to be withheld toward payment of the arrearage. Moreover, 17as the State asserts, this right is limited only by the statutory exemption from seizure of fifty percent of the payor’s wages, as stipulated by La. R.S. 13:8881, which provides, in pertinent part:
A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
(1) (a) Seventy-five percent of his disposable earnings for any week .... However, the exemption from disposable earnings for the payment of a current or past due support obligation, or both, for a child or children is fifty percent of disposable earnings....
The issue, therefore, is whether the trial court’s order that the defendant pay a specific amount toward the arrearage violates La. R.S. 46:236.8 by abrogating the State’s authority to determine what amount, subject to the 50% limitation, shall be seized pursuant to an income assignment. We considered this precise question in Brown, supra, and Jones, supra. In each case, this court viewed the trial court’s order as an income assignment and held that the issuance of such an order was improper. In Broum, this court stated:
This statute [La. R.S. 46:236.3(B)(1) ] removes from the court the ability to determine a specific amount of income assignment. Once a court order establishes or modifies child support and orders an income assignment, the obligee acquires the right continually to modify the amount of income to be garnished subject to the fifty percent exemption without farther court involvement. State v. Leslie, 761 So.2d 680 (La.App. 4 Cir.2000). The trial judge in the instant case erred when she ordered a wage assignment in the amount of $100 per month to satisfy the arrears instead of allowing the State to determine the amount to be withheld.
Id. at p. 3-4, 782 So.2d at 648 (Emphasis added).
Applying the above reasoning, this court in Broum and in Jones reversed the portion of each trial court’s judgment that had ordered the defendant to pay a specific amount monthly toward his child support arrearage. Brown, supra, at p. 4, 782 So.2d at 648; Jones, supra, at p. 3, 782 So.2d at 99. In accordance with this precedent, we hold that the trial court’s Isorder in the instant case that the defendant pay an additional $50 per month toward his arrearage is improper, and therefore reverse.[3]
CONCLUSION
Accordingly, for the reasons stated, we affirm the judgment of the trial court inso *1032 far as it finds the defendant to be in arrears to the State in the amount of $3302.00 and makes that amount executo-ry, but we reverse the judgment insofar as it orders the defendant to pay an additional $50.00 per month toward the arrearage. Finally, we remand this matter with instructions to the trial court to impose a fine or a sentence of imprisonment upon the defendant in accordance with the law as stated in this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. Avis Lawson was receiving public assistance for a period of time; therefore, the money ordered and paid was assigned to the State and alternatively made payable to her as custodian of Gregory Lawson, the minor child.

. The Stale's Rule for Contempt also included a Rule to Revoke Licenses, but the Rule to Revoke Licenses was withdrawn at the conclusion of the hearing on May 5, 2000.

. We note that this court, in State v. Claiborne, supra, reached a different result when faced with essentially the same issue. In that case, the court stated: "To the extent that the $100 per month does not exceed the exempt portion of Mr. Claiborne's wages, we see no impediment to the State's collection of that sum in addition to the 50% income assignment authorized by La. R.S. 46: 236.3(B)(1), supra." Id. at p. 5, 785 So.2d at 925. The Claiborne court thus affirmed the trial court’s order. However, faced with the conflict presented by our decisions in Brown and Jones as compared to our decision in Claiborne, the court en banc has considered this issue and has decided by majority vote to follow Brown and Jones.