I, TERRI F. LOVE, Judge.

STATEMENT OF THE CASE

On December 15, 1999, the appellant was charged with one count of simple pos *308 session of heroin. At his arraignment on December 20 he pled not guilty. The court heard and denied his motion to suppress the evidence on January 14, 2000. His trial, on February 16, 2000, ended in a mistrial when the jury could not reach a verdict. On March 20, he withdrew his not guilty plea and tendered a plea of guilty as charged under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), additionally reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal pretrial rulings. In exchange for this plea, the State agreed not to file a multiple bill against him. The court.then sentenced him to serve four years at hard labor without benefit of parole, probation, or suspension of sentence. On June 6, 2000, the court granted his out of time appeal.

FACTS

Because the defendant pled guilty under Crosby, this fact narrative was taken from testimony given at the suppression hearing and at the trial which ended in a mistrial due to a hung jury. At the suppression hearing, Det. Haar testified that he and his partner were conducting an investigation in Gentilly on October 18, |?1999, when they noticed a car stopped at a suspected narcotics outlet. The officers later observed what they believed to be the same car driving on Franklin Avenue. They followed the car and ran the license plate number, and the number came back as having been reported stolen. In addition, the color of the car did not match the color of the stolen car. The car eventually stopped at a residence near the corner of Filmore Avenue and Eastern Street, and the driver of the car exited and went inside the residence. The officers went up to the car and ordered the passenger, the defendant Michael Adams, to exit the car while the officers investigated the stolen car report. As Adams exited the car, he dropped two plastic bags containing a white powdery substance. The officers retrieved the bags, which they believed contained a controlled dangerous substance, and arrested Adams.
At that point, the driver of the car exited the residence and approached the officers. The driver told the officers the car had been carjacked several months earlier, but the car had been recovered. The license plate, however, had not been reported as recovered. The driver also stated he had repainted the car a different color than it was when it was stolen.
The officers then took Adams to the police station and searched him, discovering approximately twenty-four papers of heroin in a plastic bag he had hidden in his buttocks area.
On cross-examination, the officer testified the owner of the car indicated that the license plate was not on the car when it was recovered by the police. He stated the owner said he subsequently found the plate in the trunk of the car, but he never notified the police the plate had been recovered. The officer testified the plate was on the car when they observed it on October 18, and a statement in a police report 13about the plate being in the trunk was in reference to when the car was recovered, not when they saw the car months later on October 18.
At the end of the hearing, defense counsel merely argued that the officers had no right to stop the defendant and the driver. The court disagreed, found probable cause, and denied the motion to suppress the evidence.
At the trial which ended with a hung jury, Det. Sand oz testified he was Det. Haar’s partner on October 18, 1999. At that time, they were conducting a narcotics investigation when they saw a car they thought was related to the investigation. They ran the license plate number through *309 the computer, which indicated the license plate on the car had been reported as stolen. The officer testified he and his partner intended to stop the car, which was a different- color than the color of the car registered to that license plate, but before they could stop it the car parked at a residence, and the driver went inside. As the officers approached the car, they noticed it was still running. They ordered the passenger, Adams, out of the car. As Adams complied, he discarded behind his leg two bags of what the officers believed was cocaine. He testified the officers arrested Adams, and when he was searched at the police station the officers found hidden in his buttocks two additional packets each containing twelve foils of heroin.
On cross-examination, defense counsel questioned Det. Sandoz about the statement in the police report referring to the license plate in the car’s trunk. Det. San-doz explained that the statement referred to the plate being in the trunk when the car was recovered, not when the officers observed the car on October 18. He also indicated he and Haar believed the substance in the two discarded bags was cocaine due to the way it was packaged, but instead the substance was found to be heroin. Defense counsel also extensively questioned him about the time the | ¿incident occurred and the fact that the officers took Adams to the police station prior to taking him to Central Lockup for booking.
The criminalist testified the baggies all tested positive for heroin.
Det. Haar’s testimony basically tracked that given at the suppression hearing and that of Sandoz given at the trial. Det. Haar emphasized the license plate was attached to the back of the car when they observed it on October 18,1999.
The defense presented Ms. Ayana McMasters, who testified she and her children were in the car with Adams and the driver when it pulled up to the residence where her mother lived. She, the driver, and the children exited the car and went inside, and soon thereafter police officers burst into the house, ordered the driver to get on the ground, handcuffed him, and then took him outside. She testified that after the officers took Adams away, other officers searched the car with the help of a narcotics-detection dog, but nothing was found in the car. She further testified the car had been recovered earlier that day, and when she got in the car that day she noticed the license plate was not on the car. However, on cross-examination she admitted the car had been recovered a few days after it was stolen in June of that year. She also admitted she did not know if the license plate was on the car when it was recovered, or if it was on the car on the day Adams was arrested.

DISCUSSION

Errors Patent
A review of the record reveals the trial court erred when it sentenced the appellant. The appellant pled guilty to simple possession of heroin, which at the time of the offense called for the sentence to be served without benefit of probation or suspension of sentence. La. R.S. 40:966(C) did not prohibit parole eligibility, |Kand the transcript of sentencing indicates the court mistakenly ordered that the sentence be served “without benefit of parole, probation or suspension of sentence.” The court erred by so ordering. Therefore, the sentence is illegal and the prohibition on parole eligibility is deleted.
There are no other patent errors.
Assignment of Error
By his sole assignment of error, counsel contends the appellant should be allowed the option of withdrawing his guilty plea because the plea was premised upon the *310 right to seek review of a pretrial ruling to which there are no non-frivolous challenges. He argues that the main reason the appellant pled guilty was to be able to challenge the court’s denial of his motion to suppress the evidence, and he contends that former counsel’s reason for challenging this ruling was counsel’s mistaken belief that the statement in the police report concerning the license plate being in the trunk of the car concerned the day of the arrest, not the day the car was recovered some months prior to the arrest. He maintains that because this belief was wrong, and because there would be no ground upon which to base a challenge to the suppression ruling, the appellant unwisely pled guilty under Crosby, believing he may have had a viable claim when there was none.
It is not clear that at the time of the plea former counsel actually believed that the license plate was not on the car when the officers observed it on the day of the arrest. While he may have initially interpreted the police report in that manner during the suppression hearing, it appears that by the time of the trial, which ended in a mistrial, his questions on this point were not asked to show there was no legal basis for the stop, but rather to point out inconsistencies in the officers’ testimony to try to impeach their credibility. As such, it cannot be said with any certainty | fithat the decision on the appellant’s part to plead guilty under Crosby was based upon a mistake on former counsel’s part. Nor does the possibility that a trial court’s ruling will be upheld on appeal render a plea under Crosby any less voluntary.
Present counsel’s argument ignores the fact that the appellant pled guilty under Crosby and under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), wherein he did not admit his guilt, but rather entered the plea because it was in his best interest to do so. Indeed, in State v. Allen, 99-2579 (La.App. 4 Cir. 1/24/01), 781 So.2d 88, this court noted that in order to accept a valid Alford plea the trial court must only “satisfy itself that a factual basis exists for charging the defendant ...; that the defendant has entered and maintains his no contest plea to the reduced charge; and, that that plea represents a knowing, voluntary and intelligent choice among the alternatives open to him. Alford, supra; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).” Allen, 99-2579 at p. 10; 781 So.2d at 94, quoting from the per curiam opinion in State v. Bowie, 96-2987, pp. 1-2 (La. 1/31/97), 687 So.2d 369.
Here, the transcript of the appellant’s guilty plea indicates that the defendant’s plea was based in part on the State’s agreement not to file a multiple bill against him and the court’s intention to impose the minimum sentence in return for his plea. The transcript of the plea indicates the court more than adequately advised him of his Boykin rights, the sentence he was to receive, and the State’s agreement not to file a multiple bill against him. In addition, the court noted there was an adequate basis for the charge against him, and taking the testimony adduced at the suppression hearing and the mistrial. The court did not err by so ^finding. As such, the transcript indicates the plea was validly entered under Alford.
Contrary to present counsel’s argument that the plea is invalid because it was based upon a belief that there was a basis to challenge the trial court’s suppression ruling, it appears the plea was based equally, if not more so, on the State’s agreement not to multiple bill the defendant and the court’s agreement to impose a minimum sentence. Because there was a more than adequate basis for the Alford plea, there is no reason for this court to *311 order the trial court to allow the appellant to vacate his plea.
Accordingly, the appellant’s sentence is amended to delete the prohibition against parole eligibility and the conviction is affirmed.
AFFIRMED AS AMENDED.