848 So.2d 784 (2003)
STATE of Louisiana
v.
Earl DABNEY.
No. 01-1110.
Court of Appeal of Louisiana, Third Circuit.
June 25, 2003.
Alisa Ardoin Gothreaux, Assistant District Attorney, Opelousas, LA, for Appellee State of Louisiana.
Edward K. Bauman, Louisiana Appellate Project, Lake Charles, LA, for Appellee Earl Dabney.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD and MICHAEL G. SULLIVAN, Judges.
COOKS, Judge.
Defendant, Earl Dabney, was charged by bill of information with one count of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1 and possession of a firearm while in possession of a controlled dangerous substance, a violation of La.R.S. 14:95(E). A jury found Defendant guilty of both charges. Defendant failed to appear at the prescribed sentencing date, but finally turned himself in approximately two years later. Defendant was then sentenced to ten years at hard labor, plus a one-thousand dollar fine, for possession of a firearm by a convicted felon and seven years at hard labor for possession of a firearm while in possession of a controlled dangerous substance. Both sentences were to run concurrently, without benefit of probation, parole or suspension of sentence.
Defendant filed a motion for appeal, which was granted. Subsequently, this court reversed Defendant's convictions finding the state failed to prove Defendant intended to exercise dominion or control over the firearm retrieved by the police from under the driver's seat of his girlfriend's vehicle. State v. Dabney, 01-1110 (La.App. 3 Cir. 2/27/02), 809 So.2d 1196. *785 The Louisiana Supreme Court granted writs and reversed the judgment of this court finding the judgment to set aside Defendant's convictions was reached by "overriding the rational credibility choices made by the jurors in returning their verdicts." State v. Dabney, 02-0934 (La.4/9/03), 842 So.2d 326. The case was remanded for consideration of Defendant's remaining assignment of error.

ANALYSIS
Defendant asserts in his lone remaining assignment of error that his sentences were excessive. Defendant acknowledges that trial counsel failed to file a motion to reconsider sentence, as required by La. Code Crim.P. art. 881.1. However, he argues the assignment should be reviewed under the aegis of an ineffective assistance of counsel claim, pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
This court has chosen to review bare claims of excessiveness even when a defendant has failed to file the statutorily-required motion. Thus, the Strickland argument need not be addressed, and we will proceed with the review of the assignment, as a bare claim of excessiveness.
Regarding excessiveness claims, we have stated:
The only relevant question on review, however, was "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." State v. Humphrey, 445 So.2d 1155, 1165 (La.1984) (citing State v. Williams, 412 So.2d 1327 (La.1982)).

State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Further, the supreme court noted, "A trial judge has broad sentencing discretion because he or she remains in the best position to assess the aggravating and mitigating circumstances presented by each case." Id. at 958.
State v. Marcotte, 01-1586, pp. 17-18 (La. App. 3 Cir. 5/15/02); 817 So.2d 1245, 1255, writ denied, 02-1687 (La.2/7/03); 836 So.2d 96.
As noted earlier, the court sentenced Defendant pursuant to La.R.S. 14:95(E) & 14:95.1. La.R.S.14:95(E) states:
If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence. Upon a second or subsequent conviction, the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years without the benefit of probation, parole, or suspension of sentence.
La.R.S. 14:95.1(B) states:
Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
Thus, Defendant's seven-year sentence under R.S. 14:95(E) was in the middle range of possible sentences; while under R.S. 14:95.1, Defendant received the minimum sentence of ten years, with the minimum one-thousand dollar fine. These sentences *786 were ordered to run concurrent with each other. In its reasons for sentencing, the court noted that it had reviewed the Pre-Sentence Investigation (PSI) report, and noted the guidelines of La.Code Crim.P. art. 894.1, as the following colloquy shows[1]:
THE COURT: Okay; anything further, any other input from any other source?
(No response)
THE COURT: There being none, the court is ready to pronounce sentence in this particular matter. As stated earlier, this court, either every month or, certainly, every four months has sentencings that it hands down and the court has noted for the last two years and two months, since March 5, 1999, that the Earl Dabney file was still in the sentencing file because it had been done and Mr. Dabney has not showed up for over two years and a bench warrant was issued for his arrest. However, Mr. Dabney did turn himself in and finally has showed up and was brought before the court at lineup during this week and then his sentencing was set for today so this matter could be concluded. This defendant was found guilty by jury verdict on December 22, 1998, on Count I, possession of a firearm while in possession or sale or distribution of a controlled dangerous substance in violation of 14:95E. He was found guilty on December 22, 1998, Count II, convicted felon in possession of a firearm, in violation of Revised Statute 95.1. The court has considered the input from the defendant, the input from the State, reviewed the presentence investigation. Even the presentence investigation, Mr. Dabney, you didn't show up for that either, so at least you were consistent. The probation officer, Ms. Richardson, who tried to contact you on several occasions, noted in her report that she was never able to get in touch with you and you failed to report for your interviews. Finally, you have appeared. This sentencing in this, Mr. Dabney, is such that the court has very little leeway insofar as the sentencing provisions in Title 14: Revised Statute 14:95.1 and 95E are very severe and mandatory sentencings, mandatory minimums, very serious penalties for those particular offenses. The court notes that Article 894.1, Subsection A(2) and (3) are pertinent in this particular matter, and those provisions are as follows: 894A(2) and (3), when a defendant has been convicted of a felony, the court should impose a sentence of imprisonment if any of the following occurs: Subsection A(2), the defendant is in need of correctional treatment or custodial environment that can be provided most effectively by his commitment to an institution; and Subsection A(3), a lesser sentence would deprecate the seriousness of the defendant's crime....
Defendant is a second felony offender, and was on probation at the time he committed the offenses. The jurisprudence indicates Defendant's sentences were not excessive. See, e.g., State v. Daggs, 36,216 (La.App. 2 Cir. 8/14/02), 823 So.2d 1093 (upheld seven-and one-half year sentence for attempted possession of a firearm by a convicted felon); State v. Felder, 36,228 (La.App. 2 Cir. 8/14/02), 823 So.2d 1107 (twelve-year sentence for possession of a firearm by a convicted felon); State v. Jones, 01-539 (La.App. 3 Cir. 10/31/01), 799 So.2d 772, writ denied, 01-3310 *787 (La.12/13/02), 831 So.2d 975 (fifteen-year sentence, plus one-thousand dollar fine, for possession of a firearm by a convicted felon); State v. Rodriguez, 00-1521 (La. App. 4 Cir. 3/14/01), 786 So.2d 122 (ten-year sentence for possession of a firearm by a convicted felon); State v. Short, 00-866 (La.App. 5 Cir. 10/18/00), 769 So.2d 823, writ denied, 00-3271 (La.8/24/01), 795 So.2d 336 (ten-year sentence for possession of a firearm while in possession of a controlled dangerous substance). Therefore, Defendant's assignment of error lacks merit.

DECREE
For the foregoing reasons, Defendant's sentences are affirmed.
AFFIRMED.
NOTES
[1] Defendant's argument regarding article 894.1 is not addressed, as it does not fall under the aegis of a bare excessiveness claim. State v. Willis, 36,198 (La.App. 2 Cir. 8/14/02); 823 So.2d 1072.