DREW, J.
hDevangalo Deon Graham was charged by bill of information with two counts of armed robbery. Pursuant to a plea agreement, he pled guilty to one count of armed robbery. The trial court imposed a sentence of 25 years at hard labor, without benefit of parole, probation, or suspension of sentence. The defendant filed an untimely motion to reconsider sentence on November 9, 2005. The defendant now appeals, assigning as error that his sentence is excessive and that the trial court did not adequately comply with the sentencing guidelines. We affirm in all respects.
On August 9, 2003, the defendant, along with his co-defendant, John Davis, entered the home of O.D. Hawkins, a 79-year-old male who was in bed recovering from a stroke. Hawkins was being cared for by his 96-year-old mother, Adelle Hawkins. Davis and Graham brandished a shotgun, stealing money and a wallet which was found underneath the victim’s pillow.
When, as here, a defendant fails to timely file a La. C. Cr. P. art. 881.1 motion to reconsider sentence, the appellate court’s review is limited to considering the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. La. C. Cr. P. art. 881.1 precludes the defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. Therefore, the defendant’s constitutional review turns upon whether the sentence is grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, that sentence should not be set aside as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
The defendant contends that the court failed to adequately consider the sentencing guidelines and did not sufficiently articulate the reasons for the imposed sentence.
The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of La. C. Cr. P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Here, the record shows an adequate basis for the imposed sentence. Prior to imposing the sentence, the trial court stated that the pre-sentence investigation report indicated that the defendant is a first felony offender. The court also took into consideration the statements of the victim and defendant. The court noted the sentencing guidelines and aggravating and mitigating circumstances.
1 /file sentencing range for armed robbery is imprisonment at hard labor for not less than 10 years nor more than 99 years, without the benefit of probation, parole, or suspension of sentence. La. R.S. 14:64.[1]
*345 The trial court imposed a sentence of 25 years at hard labor, without benefit of parole, probation, or suspension of sentence. Considering the totality of the record, this sentence, one-fourth of the maximum sentence, is lawful and clearly not constitutionally excessive. Additionally, the defendant received substantial benefits as a result of the plea bargain agreement, which did away with another charge of armed robbery. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice.
DECREE
We affirm the defendant’s conviction and sentence.
AFFIRMED.

. Had the bill of information included reference to La. R.S. 14:64.3, relative to the use of *345 a firearm, the minimum would have been 15 years, and the maximum 104 years.