NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-275

STATE OF LOUISIANA

VERSUS

RAYMOND O'NEAL GREEN

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 273,842
HONORABLE ALFRED A. MANSOUR, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

Sherry Watters
Louisiana Appellate Project
P. O. Box 58769
New Orleans, LA 70158-8769
Counsel for Defendant/Appellant:
        Raymond O'Neal Green

James C. Downs
District Attorney - 9th J.D.C.
Michael W. Shannon
Assistant District Attorney
P. O. Drawer 1472
Alexandria, LA 71309
Counsel for Appellee:
        State of Louisiana

**PICKETT, Judge.**

On July 9, 2004, the defendant, Raymond O'Neal Green, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. Following a jury trial held on October 12-13, 2004, the defendant was found guilty as charged. The defendant subsequently filed a motion for a new trial which was denied on January 27, 2005. He was sentenced on February 15, 2005, to serve twenty-five years at hard labor without benefit of parole, probation or suspension of sentence.

The defendant filed a *pro se* Motion to Reconsider Sentence and a Motion for Appeal, Appointment of Counsel, and Designation of Record on March 9, 2005, which were not considered because they had not been signed. A second *pro se* Motion to Reconsider Sentence was filed on April 12, 2005, which was denied as untimely. Following a writ application to this court wherein the trial court was ordered to rule on the defendant's motion for an appeal, the defendant was granted an appeal on October 19, 2006.

## ASSIGNMENTS OF ERROR

The defendant now appeals his conviction and sentence and alleges two assignments of error:

1. The state erred in repeatedly and intentionally eliciting other crimes evidence and evidence of bad character from its witnesses, thereby denying Raymond Green a fair trial.

2. The trial court erred in imposing an unconstitutionally excessive sentence on Raymond Green.

## FACTS

On May 20, 2004, the defendant approached Christopher Mann, Jr. in the parking lot of the Quick Way Exxon store where Mr. Mann was getting gas. When Mr. Mann attempted to leave, the defendant pointed a gun at him and asked for

1

anything of value.  Mr. Mann offered the defendant the $8.00 he had in his wallet. The defendant decided to look through Mr. Mann's vehicle for anything else of value and took speakers that he found inside the trunk.  The defendant left the scene and Mr. Mann reported the robbery to the police.

A videotape from inside the store captured a picture of the man described by Mr. Mann as the person who committed the robbery.   Also, Mr. Mann identified the defendant from a photographic lineup.  When the photo was shown to police officers, they identified the person in the photo to be the defendant.  A warrant was  issued for his arrest, and the defendant was subsequently arrested and charged with armed robbery.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court  for errors patent on the face of the record.  After reviewing the record, we find there are no patent errors.

## ASSIGNMENT OF ERROR NO. 1

The defendant argues that the state erred in repeatedly and intentionally eliciting other crimes evidence and evidence of bad character from its witnesses, thereby denying him a fair trial.  Specifically, the defendant contends that instead of limiting the testimony to the instant offense, several police officers testified about their familiarity with him, the number of robberies that were happening at the time, and that the defendant had a rap sheet and a mug shot from prior criminal activity.

As noted by the defendant in his brief to this court, defense counsel at trial did not object to the testimony of other crimes evidence or to evidence of bad character. Louisiana Code of Criminal Procedure Article 841 provides, in pertinent part, "An

irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." In *State v. Freeman*, 00-238 (La.App. 3 Cir. 10/11/00), 770 So.2d 482, *writ denied*, 00-3101 (La. 10/5/01), 798 So.2d 963, the defendant argued that the lower court improperly admitted evidence of other bad acts. This court noted however, that the defendant failed to file a contemporaneous objection and, therefore, failed to preserve for appellate review any challenge to admission of alleged other bad acts evidence. Likewise, in the instant case, the defendant did not object at trial to the testimony or evidence which allegedly involved other crimes evidence and evidence of bad character. Accordingly, we find that this error was not preserved for appellate review.

## ASSIGNMENT OF ERROR NO. 2

The defendant argues that the trial court erred in imposing an unconstitutionally excessive sentence. As noted above, the defendant did not timely file a motion to reconsider sentence. Although the defendant failed to timely file this motion as required by La.Code Crim.P. art. 888.1, "[t]his court has chosen to review bare claims of excessiveness even when a defendant has failed to file the statutorily-required motion." *State v. Dabney*, 01-1110, p. 2 (La.App. 3 Cir. 6/25/03), 848 So.2d 784, 785.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of

3

sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The defendant was convicted of armed robbery, a violation of La.R.S. 14:64, which states in pertinent part, "Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." Thus, the defendant's twenty-five-year sentence was one-fourth of the maximum possible sentence.

When sentencing the defendant, the trial court noted that the defendant had

committed a crime of violence by threatening the victim with a gun and that the defendant was on juvenile probation at the time he committed the crime.

The pre-sentence investigation report indicated that the defendant had a juvenile record and had been arrested and indicted for a homicide on January 22, 2004. The defendant apparently posted bond March 4, 2004, and two months later committed the instant offense. The trial court also observed that the defendant had denied any responsibility for the crime. The court concluded that considering the seriousness of the crime and the mitigating circumstance, the defendant's youth, a sentence of twenty-five years at hard labor was fair to both the state and the defendant.

As noted in *State v. Alexander*, 03-1291, p. 12 (La.App. 5 Cir. 3/30/04), 871 So.2d 483, 491, *writ denied*, 04-1063 (La. 10/01/04), 883 So.2d 1007,

> In *State v. Smith*, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4, the Louisiana Supreme Court stated that sentences of 35 to 50 years have been found to be acceptable for first offenders convicted of armed robbery, citing *State v. Augustine*, 555 So.2d 1331, 1332 (La.1990), and *State v. Thomas*, 98-1144, p. 2 (La.10/9/98), 719 So.2d 49, 50.

In *Alexander*, a twenty-five-year sentence was upheld even though the defendant did not have the weapon used in robbery, the conviction was his first crime of violence, and he was only thirty-three years old at time of robbery. The aggravating factors considered were that the defendant had driven the escape vehicle, traveled at excessive rates of speed, and attempted to evade law enforcement officers when they attempted to stop his vehicle. Also, the victim was terrified after the robbery.

Further, in *State v. Morris*, 40,322 (La.App. 2 Cir. 1/25/06), 920 So.2d 359, the nineteen-year-old defendant committed three armed robberies and was sentenced to thirty years for each offense. In rendering its decision, the court observed the

5

defendant's limited criminal history which included some misdemeanors. The court also took into consideration the victim impact statements. As mitigating factors, the court considered the defendant's letters to the court and letters written on behalf of the defendant, and believed that the defendant was genuinely remorseful. With regard to aggravating factors, the trial court noted that a dangerous weapon was involved in the series of three armed robberies and that the first of the robberies involved violence against the elderly. Additionally, the court noted that during the time the defendant was out on bond for the first offense, he committed the other two offenses including another against an elderly victim.

Lastly, *State v. Graham*, 41,050 (La.App. 2 Cir. 6/28/06), 935 So.2d 343, the court upheld a twenty-five-year sentence for a first felony offender. The court also considered the statements of the victim and defendant.

Considering the factors in the instant case in light of jurisprudence provided herein, we find that the defendant's twenty-five year sentence is lawful and is not unconstitutionally excessive. We further find that the sentence imposed is neither grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice.

The defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

6