974 So.2d 49 (2007)
STATE of Louisiana
v.
Kendall COPELIN.
No. 2007-KA-0790.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 2007.
*50 Eddie J. Jordan, Jr., District Attorney, Graham L. Bosworth, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY).
MAX N. TOBIAS, JR., Judge.
On 6 October 2004, the defendant, Kendall Copelin ("Copelin"), was charged by a bill of information with one count of possession with intent to distribute crack (count one) and one count of distribution of marijuana (count two). On 12 October 2004, he entered pleas of not guilty to both counts. On 19 April 2005, the state amended the bill of information on count one to delete the reference to "crack" and substitute therefore "cocaine". Following a hearing on motions, the district court found probable cause to hold Copelin for trial and denied his motion to suppress the evidence. On 3 May 2005, Copelin entered pleas of guilty to both counts, reserving his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to serve fifteen years at hard labor with credit for time served and concurrent with any other sentence on count one and five years at hard labor with credit for time served and concurrent with any other sentence on count two. The state filed a multiple bill of information as to count one. Copelin pleaded guilty to the multiple bill and his original sentence on count one was vacated. He was resentenced to serve fifteen years at hard labor with credit for time served and concurrent with any other sentence.
The following facts are adduced from the transcript of the motion hearing conducted on 19 April 2005.
Officer Nikki Johnson testified that on 8 September 2004 she was assigned to participate in an undercover investigation of narcotics trafficking with other officers as her support team on General Taylor Street near South Johnson Street in New Orleans. While driving an unmarked police vehicle which was equipped with both audio and visual surveillance equipment, she drove lake bound on General Taylor Street toward South Johnson Street. Copelin came around the corner of South Johnson Street riding a bicycle. She stated that when she pulled up to the corner she almost struck him because she did not see him. She testified that Copelin flagged her down and told her to turn onto South Johnson Street and pull to the side of the street. She complied, at which time Copelin approached her vehicle. She asked him for "two dimes," and he responded "okay" and asked her if she also wanted "weed." She responded that she did, and he asked her if she was "afraid," to which she responded in the affirmative. He then gave her his shirt, hat, and a little face towel to hold while he went to get the drugs. She contacted her support team and informed them of what had transpired and that the defendant was proceeding eastbound on South Johnson Street. She also stated that the other officers could hear her conversation with Copelin and were able to observe him. She testified that shortly thereafter Copelin returned and gave her the "crack." He then left again on the bicycle, driving behind her vehicle in the opposite direction. Shortly thereafter he returned and gave her the "weed" and informed her that if she needed him again his name was "Kendall." She returned Copelin's clothing to him and paid for the drugs. She stated that she then radioed *51 the other officers and told them that the defendant left in the direction of the 3200 block of General Taylor Street. She testified that she reviewed the audio and video evidence and positively identified Copelin as the person who sold her the drugs.
On cross-examination, Officer Johnson testified that she did not initially approach the defendant but that he told her to pull over. She admitted that she was the one to ask for "two dimes" which is slang for crack cocaine
ERRORS PATENT;
A review of the record for errors patent reveals errors in both of Copelin's sentences. By law, a person convicted of possession with intent to distribute cocaine shall be imprisoned for not less than two nor more than thirty years, with the first two years of the sentence being without benefit of parole, probation, or suspension of sentence and may, in addition, be required to pay a fine of not more than fifty thousand dollars. La. R.S. 40:967 B(4)(a). A person convicted of being a second felony offender shall be imprisoned for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for the first conviction without benefit of probation or suspension of sentence. La. R.S. 15:529.1 A (1)(a). Additionally, any sentence imposed must be without the benefit of probation or suspension of sentence. La. R.S. 15:529.1 G.
A person convicted of distribution of marijuana shall be imprisoned at hard labor for not less than five nor more than thirty years, at least five years of which shall be served without benefit of parole, probation, or suspension of sentence and pay a fine of not more than fifty thousand dollars. La. R.S. 40:966 B(2).
In the case at bar, the trial court failed to impose Copelin's sentence without the benefits of parole, probation, or suspension of sentence on both convictions and failed to impose the mandatory fine on the distribution of marijuana conviction. Accordingly, Copelin's sentences are illegally lenient. However, in instances where the statutory restrictions are not recited at sentencing, they are contained in the sentence, whether or not imposed by the sentencing court. La. R.S. 15:301.1 A; State v. Hall, 02-1098 (La.App. 4 Cir. 3/19/03), 843 So.2d 488. In State v. Williams, 03-0302 (La.App. 4 Cir. 10/6/03), 859 So.2d 751, this court held that a reviewing court must remand cases for the imposition of a mandatory fine where the trial court failed to do so. Thus, this case must be remanded to the trial court for the imposition of the mandatory fine for the distribution of marijuana conviction.
ASSIGNMENT OF ERROR NUMBER 1:
By his sole assignment of error Copelin argues that his plea of guilty is not valid and that he should be allowed to withdraw it because a guilty plea that has as a material component a reservation of appeal rights pursuant to Crosby is not a valid plea if that reservation cannot be honored. He argues that his plea was not predicated on any particular pretrial ruling and the record demonstrates that no conceivable pretrial rulings exist from which an appeal could arise. In support of his claim that no hearing on a motion to suppress was conducted, he asserts that, although the court purported to deny, a motion to suppress the evidence, no written motion was filed, and counsel made no argument that any evidence should be suppressed, but rather argued that the *52 bill of information should be quashed,[1] that there was no probable cause to hold him for trial, and that his arrest was the result of entrapment.[2]
The state counters by arguing that the record fully supports a finding that a motion to suppress hearing was conducted on 19 April 2005 and the motion was denied. The state is correct. The docket master, minute entry, and transcript of 19 April 2005 all indicate that following the hearing the district court explicitly denied the motion to suppress the evidence. Additionally, the state asserts that Copelin's counsel did not object to the court's ruling denying the motion to suppress, and the transcript clearly shows that the premise for the motion was the lack of probable cause and the fact that it was the undercover officer, Officer Johnson, who admitted to asking Copelin for "two dimes." Copelin counters that his counsel did not argue that any evidence should be suppressed, but rather attempted to show the affirmative defense of entrapment and the lack of probable cause. This, he asserts, is proof that the hearing was not a motion to suppress hearing but rather an attempt to establish the defense of entrapment.
In State v. Joseph, 03-315 (La.5/16/03), 847 So.2d 1196, the defendant failed to specify which pretrial rulings he desired to reserve on appeal as part of the Crosby plea. In reversing the appellate court, which ruled that he had failed to preserve the issue for review, the Louisiana Supreme Court found that the defendant's failure to specify which pretrial rulings he wanted to reserve for review did not serve to preclude review, but limited the scope of review to pretrial rulings no broader than necessary to effectuate the underlying purpose of a conditional guilty plea: to reserve review of evidentiary rulings that go to the heart of the prosecution's case that a defendant would otherwise waive by entering an unqualified guilty plea. These rulings include a denial of a motion to suppress evidence or confession and exclude rulings which do not substantially relate to guilt. The appellate court was ordered to afford the defendant his review of the trial court's denial of his motion to suppress the evidence.
In State v. Adams, 00-2664 (La.App. 4 Cir. 3/27/02), 815 So.2d 307, the defendant argued that his Crosby plea[3] should be withdrawn because the plea was premised upon his right to seek review of the denial, of his motion to suppress the evidence that was based on a mistake in the police report which led him to believe there would be a viable claim on appeal when, in fact, there was none. In affirming the defendant's conviction, this court found that the defendant had pled guilty pursuant to Crosby because it was in his best interest to do so and that contrary to counsel's argument that the plea was invalid because it was based upon a belief that there was a basis to challenge the trial court's suppression ruling, the plea was based equally, if not more so, on the state's agreement not to multiple bill the defendant and the court's agreement to impose a minimum sentence.
In State v. Guillory, 06-2544 (La.6/1/07), 957 So.2d 132, the defendant entered a *53 Crosby plea, reserving his right to appeal on the issue of whether the police lawfully seized the evidence against him. However, counsel for the defendant failed to file a motion to suppress, and the trial court, therefore, had no opportunity to rule on the validity of the seizure. On appeal, the appellate court, having nothing before it on the Crosby reservation, affirmed the defendant's conviction and sentence and relegated him to post-conviction proceedings on any claim that the failure to address his Crosby reservation on the merits rendered his guilty plea involuntary. In reversing the court of appeal, the Louisiana Supreme Court held that a nunc pro tunc determination of the validity of the seizure obviates the need for addressing the validity of the guilty plea either on direct review or in post-conviction proceedings and at the same time gives effect to the Crosby reservation made as a material component of the election to forego trial. Accordingly, the Supreme Court remanded the case to the trial court to provide the defendant with thirty days within which to file a motion to suppress evidence.
In the case at bar, the transcript of the motion hearing of 19 April 2005 reflects that testimony was taken from Officer Johnson relative to the facts and circumstances surrounding Copelin being charged with drug trafficking. Copelin's counsel acknowledged that the matter had been set for motions and for trial, although the trial court only heard the motions that day. When the court ruled that the evidence was admissible, counsel did not object that he had not moved for suppression of evidence. On 3 May 2005 prior to entering his pleas of guilty Copelin was fully informed of his rights to proceed to trial, to be presumed innocent, to cross-examine and present witnesses, to remain silent and to appeal any adverse verdict following a trial on the merits. Copelin admitted that he was pleading guilty because he was in fact guilty and was not forced or coerced in any way. The plea of guilty forms noted "Crosby Appeal" and were initialed by Copelin. The plea of guilty transcript reflects that the trial court noted: "This will be pursuant to State v. Crosby" [sic]. Defendant received the minimum sentences allowed by law: fifteen years as a second felony offender on the possession with intent to distribute cocaine conviction and five years for the distribution of marijuana conviction. It was clearly in his best interest to enter the guilty pleas. Therefore, contrary to Copelin's argument, a more than adequate material basis for the Crosby pleas existed. Furthermore, no other pretrial hearings were conducted that go to the heart of the prosecution's case that the defendant would otherwise have waived by entering an unqualified guilty plea. Accordingly, we find no basis for this court to order the trial court to allow Copelin to withdraw his pleas of guilty.
CONCLUSION
Accordingly, We affirm Kendall Copelin's convictions and his sentence as a second felony offender. We remand this case to the trial court for the imposition of the mandatory fine for the distribution of marijuana conviction.
CONVICTION AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The bill of information alleged "crack" instead of "cocaine."
[2] The statutory ground for a motion to suppress evidence is an unconstitutional search and seizure. The plea of entrapment is a defense on the merits and may not be raised in a motion to suppress the evidence in advance of trial. State v. Bates, 301 So.2d 619 (La.1974).
[3] The defendant also entered a plea pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).