MAX N. TOBIAS, JR., Judge.
 

 hThe appellant, Kevin Cook (“Cook” or “the defendant”), was arrested on 1 September 2006 and charged by bill of information on 17 December 2007 with the crime of being in possession of a hand gun while in possession of cocaine. Cook was arraigned and entered a plea of not guilty on 3 January 2008. He appeared for motions on 17 January 2008. His motion to suppress was denied; the court found probable cause. On 5 March 2008, Cook’s private counsel withdrew and on 6 March 2008 he appeared in court with new counsel. A bill of particulars was filed on 12 March 2008. Cook’s bill of particulars was deemed satisfied on 17 March 2008, and trial was set for 10 April 2008. Trial was held on 14 July 2008 before a jury.
 

 Cook was found guilty as charged. On 17 July 2008, he was sentenced to serve seven years at hard labor in the custody of the Department of Corrections without benefit of probation, parole, or suspension of sentence. The trial court denied his motion to reconsider the sentence, and granted his motion for appeal.
 

 FACTS
 

 The parties stipulated immediately prior to trial that if the New Orleans Police Department (“NOPD”) criminalist was called to testify, he would certify | ¡¡that the substance confiscated by police on the day
 
 *16
 
 of Cook’s arrest was cocaine. The stipulation was read to the jurors.
 

 The state called Detective Dean Moore as its first witness. Detective Moore testified that on 1 September 2006, while working with his partner, Detective Melvin Williams, they were in uniform in a marked NOPD vehicle traveling on Thalia Street in New Orleans, approaching South Saratoga Street. They observed the defendant approaching the intersection just off to their right and entering the side alleyway of a known abandoned house. Detective Moore testified that they immediately turned their vehicle onto South Saratoga Street and observed the defendant walking into the alleyway.
 

 Detective Moore identified a photograph of the general area and placed an arrow at the alleyway the defendant entered. The witness corrected an error in the police report in which an incorrect address was given. He then testified that he and his partner turned onto South Saratoga Street and, looking down the alleyway, observed the defendant kneeling down between the first and second pillar of the structure, placing an unknown dark object underneath the building. They were unable to identify the object. The detective then identified in succession the photographs in State’s Exhibit 2 in globo as being accurate photographic depictions of the scene where the incident took place. He stated that as he and his partner drew even with the alleyway, the defendant turned around and saw the police car. He then began to walk back up the alleyway. The defendant was ordered to stop as they exited their vehicle. Instead, the defendant ran across the street toward a parked car and tried to gain entrance. Cook was apprehended and placed in the rear of the police car.
 

 | .-¡Detective Moore testified that he then went to the exact location where the defendant had been seen kneeling and immediately found a loaded 9-millimeter black semi-automatic handgun and crack cocaine directly next to each other. The detective then identified State’s Exhibits 3 and 4 as the handgun and the cocaine that they seized. When asked to identify the items, he was able to recognize his name, item number, and the date of seizure on the tags attached to each item. Cook was then advised of his rights and placed under arrest. During a search of Cook’s person, $48.00 were found; the money was entered into evidence. The detective then identified Cook in court as the person arrested in connection with these events.
 

 On cross examination, Detective Moore was questioned about the correction of the address where the arrest was made. In response to further questioning, he said that in his experience it was common for subjects involved in the trafficking of narcotics to hide their contraband in such places. The remainder of the detective’s testimony on cross examination was a recapitulation of his testimony on direct examination.
 

 Officer Melvin Williams was then called as a witness by the state. Officer Williams’ testimony was substantially identical to that of Detective Moore.
 

 No defense witnesses were called. Cook was found guilty as charged.
 

 ERRORS PATENT
 

 The trial court in the instant case failed to impose a mandatory fine in accordance with La. R.S.
 
 14:95(E)
 

 [1]
 

 .
 
 In
 
 State v. Copelin,
 
 07-0790, p. 4 (La.App. 4 Cir. 12/12/07), 974 So.2d 49, 51, where the accused pled guilty to possession with Lintent to distribute cocaine and distribu
 
 *17
 
 tion of marijuana, this court held that the defendant’s sentence was illegally lenient because the trial court failed to impose the mandatory fíne. Citing the earlier case of
 
 State v. Williams,
 
 03-0302 (La.App. 4 Cir. 10/6/03), 859 So.2d 751, we held that:
 

 In the case at bar, the trial court failed to impose Copelin’s sentence without the benefits of parole, probation, or suspension of sentence on both convictions and failed to impose the mandatory fine on the distribution of marijuana conviction. Accordingly, Copelin’s sentences are illegally lenient. However, in instances where the statutory restrictions are not recited at sentencing, they are contained in the sentence, whether or not imposed by the sentencing court. La. R.S. 15:301.1 A;
 
 State v. Hall,
 
 02-1098 (La.App. 4 Cir. 3/19/03), 843 So.2d 488. In
 
 State v. Williams,
 
 03-0302 (La.App. 4 Cir. 10/6/03), 859 So.2d 751, this court held that a reviewing court must remand cases for the imposition of a mandatory fine where the trial court failed to do so. Thus, this case must be remanded to the trial court for the imposition of the mandatory fine for the distribution of marijuana conviction
 

 Therefore, in accordance with our jurisprudence, we are required to remand the case to the trial court for the imposition of the mandatory fine.
 

 ASSIGNMENT OF ERROR
 

 Cook assigns one error on appeal. He argues that the seven-year sentence for possession of a firearm while in possession of cocaine is excessive under the circumstances of this case.
 

 La. R.S. 14:95 E states:
 

 If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of | sor during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence. Upon a second or subsequent conviction, the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years without the benefit of probation, parole, or suspension of sentence. [Emphasis supplied.]
 

 A sentence is excessive, even if within the statutory range, if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the needless imposition of pain and suffering and is grossly out of proportion to the severity of the crime.
 
 State v. Telsee,
 
 425 So.2d 1251, 1253-54 (La.1983). Generally, a reviewing court must determine whether the trial judge adequately complied with the guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case.
 
 State v. Soco,
 
 441 So.2d 719, 720 (La.1983);
 
 State v. Quebedeaux,
 
 424 So.2d 1009, 1014 (La.1982).
 

 If adequate compliance with article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant in the case at hand and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense charged.
 
 State v. Guajardo,
 
 428 So.2d 468, 472-73 (La.1983).
 

 The trial court has great discretion when sentencing an individual within the statutory limits.
 
 State v. Trahan,
 
 425 So.2d 1222, 1227 (La.1983). The reviewing
 
 *18
 
 court should not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4 D.
 

 In
 
 State v. Dabney,
 
 01-1110 (La.App. 3 Cir. 6/25/03), 848 So.2d 784, the defendant with a prior felony conviction received a seven-year sentence after being convicted of a violation of La. R.S.14:95 E. The defendant appealed the sentence as excessive. The court ruled that a seven-year sentence under R.S. 14:95 E was in the middle range of possible sentences.
 
 Id.,
 
 848 So.2d at 785.
 

 Cook was sentenced to seven years at hard labor concurrent with any other outstanding sentences, without benefit of parole, probation, or suspension of sentence. The statutory sentencing range is five to ten years. The trial court went to great lengths to explain the reasons for the sentence, conforming to La.C.Cr.P. art. 894.1, and sentenced Cook to only two years more than the minimum. Cook was on three years active probation for possession of heroin in Criminal District Court case number 469-548 “H” when this offense occurred.
 

 Based upon our review of the record on appeal, we find that the defendant has failed to show that his seven-year sentence is excessive. The trial court did not abuse its discretion. The assigned error has no merit.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm Kevin Cook’s conviction and his sentence of seven years. However, we remand this matter to the trial court for the imposition of the statutorily required fine.
 

 AFFIRMED; REMANDED FOR IMPOSITION OF MANDATORY FINE.
 

 [1]
 

 . La. R.S. 14:95(E) carries no mandatory minimum fíne.